## NATIONAL EXCHANGE BANK OF TIFFIN *v.* WILEY.

### IN ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 53.   Argued November 7, 1904.—Decided November 28, 1904.

A warrant of attorney executed by the maker of a note and authorizing, in case of nonpayment, an attorney to appear, waive process, confess judgment, waive error and right of appeal in favor of the "holder" of the note must be construed strictly in favor of the maker, and does not, in the absence of express terms, authorize the confession of judgment in favor of the original payee after it ceases to be the owner of the note even though he may have the note in his possession. A judgment so entered would be a personal judgment without service of process or appearance, and the court would have no authority or jurisdiction to enter it, and the proceedings would be wanting in due process of law. Such a judgment can be attacked collaterally without violating the full faith and credit clause of the Federal Constitution in an action thereon in a State, other than that in which it was entered, on the ground that the party in whose favor it was rendered was not in fact the holder because not the owner of the note and that, therefore, the court entering the judgment was without jurisdiction.

THE facts are stated in the opinion.

*Mr. John J. Boucher,* with whom *Mr. Constantine J. Smyth* and *Mr. Thomas D. Crane* were on the brief, for plaintiff in error:

The answer does not state a defense to the petition but confesses same; it admits delivery of the note and warrant of attorney authorizing any attorney to appear without process and confess judgment and that the judgment was so confessed in a court of general jurisdiction. The judgment of a court of general jurisdiction in any State is equally conclusive upon the parties in any other State. *Tell* v. *Yost,* 128 N. Y. 387; *Shumway* v. *Stillman,* 6 Wend. 453. In any view of the case there is no evidence in support of the defendant's contention that the bank was not the holder of the note in the Ohio court.

Under the full faith and credit clause of the Constitution the Ohio judgment is conclusive that plaintiff was the holder of the note. *Richtmeyer* v. *Remsen*, 38 N. Y. 206; *Reed* v. *Spoon*, 66 N. Car. 415; *Fisher* v. *Williams*, 57 Vermont, 586. Whether or not the plaintiff was the holder of the note is not a jurisdictional, but a *quasi*-jurisdictional question and the judgment of the Ohio court is conclusive and cannot be controverted in collateral proceedings. 12 Ency. Pl. & Pr. 211; *Reinach* v. *Atlantic &c. R. Co.*, 58 Fed. Rep. 43; *Betts* v. *Bagley*, 12 Pick. (Mass.) 572; *Holcomb* v. *Phelps*, 16 Connecticut, 132; *Wright* v. *Douglas*, 10 Barb. 97; *Ex parte Stearnes*, 77 California, 156; *Bostwick* v. *Skinner*, 80 Illinois, 153; *Wing* v. *Dodge*, 80 Illinois, 564; *Young* v. *Lorain*, 11 Illinois, 624; *Simmons* v. *Saul*, 138 U. S. 439; *Comstock* v. *Crawford*, 3 Wall. 396, 403; *Lafayette Ins. Co.* v. *French*, 18 How. 404. This judgment has the same force and effect as a judgment in adversary proceedings. *Snyder* v. *Critchfield*, 44 Nebraska, 66. The defendant waived any defect of parties. If there was any such defect it appeared on the face of the petition and should have been demurred to. 6 Ency. Pl. & Pr. 375; *Beeler* v. *Larned*, 34 Nebraska, 348; *Castile* v. *Ford*, 53 Nebraska, 507.

*Mr. James H. McIntosh* for defendant in error:

The answer is a sufficient defense. Plaintiff was not the holder of the note and the attorney was not the agent for the maker of the note. Notwithstanding the full faith and credit clause of the Constitution it can always be ascertained in collateral proceedings if the court entering the judgment had jurisdiction to enter it. *Thompson* v. *Whitman*, 18 Wall. 457; *Knowles* v. *Gas Light Co.*, 19 Wall. 58; *Hall* v. *Lanning*, 91 U. S. 160; *Pennoyer* v. *Neff*, 95 U. S. 714; *Cole* v. *Cunningham*, 133 U. S. 107; *Simmons* v. *Saul*, 138 U. S. 439; *Thormann* v. *Frame*, 176 U. S. 356; *Bell* v. *Bell*, 181 U. S. 175.

The warrant of attorney was confined to entering the judgment in favor of the holder of this instrument. Such a war-

rant must be strictly construed. *Spence* v. *Emerine*, 46 Ohio, 433, and cases cited; *Cahn* v. *Lessor*, 72 N. W. Rep. 739; *Morris* v. *Bank*, 67 Texas, 602; *Bank* v. *St. John's*, 5 Hill, 497. As to who is the holder of a note, see 1 Randolph on Com'l Paper, § 14 and note.

As to what are jurisdictional questions, see *Pennoyer* v. *Neff*, 95 U. S. 714; *Griffith* v. *Frazier*, 8 Cranch, 9; *Wise* v. *Withers*, 3 Cranch, 331; *Rose* v. *Himely*, 4 Cranch, 214; *Galbin* v. *Pays*, 18 Wall. 350; *Clark* v. *Clark*, 178 U. S. 186; as to what are *quasi*-jurisdictional questions, see *Des Moines* v. *Iowa*, 123 U. S. 552; *Mickel* v. *Post*, 21 Wall. 398; *Comstock* v. *Crawford*, 3 Wall. 398; *Thompson* v. *Tolme*, 2 Peters, 157; *Reinach* v. *Atl. &c. R. Co.*, 43 Fed. Rep. 83; *Betts* v. *Bagley*, 12 Pick. 572; *Holcombe* v. *Phelps*, 16 Connecticut, 132; *Wright* v. *Douglas*, 10 Barb. 97; *Simmons* v. *Saul*, 138 U. S. 439.

Even if the court erred in its instructions the error was without prejudice; for if the plaintiff's judgment was valid, it was a joint judgment against Wiley and Wiley Construction Company and suit could not be maintained against Wiley alone. A joint judgment cannot be made the basis of a separate suit against one of the judgment debtors. *First National Bank* v. *Hamor*, 63 Fed. Rep. 36; *Watson* v. *Steineu*, 33 Atl. Rep. 4 (R. I.); *Knapp* v. *Abell*, 10 Allen, 485; *Mann* v. *Edward*, 138 Illinois, 19; *Smith* v. *Smith*, 17 Illinois, 481; *Donnelly* v. *Graham*, 77 Pa. St. 274; *Holbrook* v. *Murray*, 5 Wend. 161; *Dark* v. *Goss*, 24 Michigan, 265; *Sheehan* v. *Sims*, 28 Mo. App. 64; *Lawrence* v. *Willoughby*, 1 Minnesota, 65.

Mr. Justice Harlan delivered the opinion of the court.

This is an action upon a judgment rendered in one of the courts of Ohio, and the question to be considered is whether the final judgment under review gave to the proceedings in the Ohio court such faith and credit as are required by the Constitution and laws of the United States.

The Constitution, Art. IV, § 1, provides that "Full faith

and credit shall be given in each State to the public acts, records and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." The statute enacted in execution of that power, Rev. Stat. § 905, provides for the authentication of the records and judicial proceedings of the several States and Territories and any country subject to the jurisdiction of the United States, and declares that "the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

The Wiley Construction Company, a Massachusetts corporation, and Wiley, the defendant in error, executed and delivered to the National Exchange Bank, the plaintiff in error, a written instrument—being a note with warrant of attorney annexed—dated Tiffin, Ohio, April 26, 1884, in which for value received they jointly and severally promised to pay to that bank, or order, on the first day of October, 1884, at its office in that city, ten thousand dollars with eight per cent interest after maturity. The instrument authorized N. L. Brewer, or any attorney at law in the United States, or elsewhere, to appear before any court of record, after such obligation became due, waive the issuing and service of process, and confess judgment against the obligors or either of them "in favor of the *holder*" for the amount then appearing to be due, together with the cost of suit; and thereupon to release all errors and writs of errors, and in behalf of the obligors or either of them waive all right to appeal and stay of execution.

On the thirty-first day of July, 1899, nearly fifteen years after the maturity of the note, the National Exchange Bank instituted suit against both obligors in the court of Common Pleas of Seneca County, Ohio—a court of general jurisdiction in that State—to recover the balance due on that obligation, which was alleged to be $5,772.70, with interest from May 9,

1887, at eight per cent. Upon it was credited a payment of $6,311.75 as of May 9, 1887.

It may be here stated that there was no endorsement on the note showing that it had ever been assigned or transferred by the original payee.

With the petition in that suit were filed copies of the paper constituting the note and warrant of attorney. With it was also filed an answer, in which an attorney, assuming, by virtue of the above warrant and not otherwise, to be the attorney of the construction company and of Wiley, confessed judgment against them for the full amount claimed by the bank.

On the very day of the bringing of that suit judgment was entered against the defendants therein for $11,419.68, being the amount of the obligation with interest at eight per cent from May 9, 1887,—the judgment reciting that the attorney who acted under the warrant of attorney, naming him in person, by virtue of that warrant, entered the appearance of the defendants, waived the issuing and service of process, confessed judgment, and released and waived all exceptions, errors and right of appeal.

The present action was by the National Exchange Bank against Wiley on the judgment rendered in the Ohio suit. The defendant disputed the plaintiff's right to recover upon several grounds, one of which was that prior to the institution of the Ohio suit and more than twelve years before the commencement of the present action, the note had been fully discharged, so far as he was concerned, pursuant to an agreement between him and the holder. But on this writ of error we are concerned only with the part of the defense which distinctly raises a Federal question.

The defendant alleged that the warrant of attorney annexed to the note of April 26, 1884, did not authorize a confession of judgment against the obligors except in favor of the "holder;" that so far from the National Exchange Bank being such holder when it brought the Ohio suit, the Tiffin National Bank, as early as March 2, 1885, purchased, received and

became the holder of the obligation, and thereafter remained and still was the holder; that, therefore, the attorney professing to act in behalf of the defendants in the Ohio suit had no authority, in virtue of such warrant of attorney, to represent them in that suit, or to confess judgment in favor of the National Exchange Bank; that the defendant was neither served with process in the Ohio suit nor had any notice thereof; that the Ohio court was entirely without authority or jurisdiction to render judgment against him in favor of the plaintiff bank; and that its authority or jurisdiction could not be upheld consistently with the Fourteenth Amendment of the Constitution of the United States.

The plaintiff insisted that it was the holder of the note when put in suit; further, that the court in Ohio had full power and jurisdiction to render the judgment in question, and that neither personal service of process on nor notice to the obligors was necessary in order to give that court jurisdiction of the parties and subject-matter.

Both at the trial and in the Supreme Court of Nebraska the bank contended that full faith and credit, as required by the Constitution and laws of the United States, would not be given to the proceedings in the Ohio suit if the judgment in its favor was held not to be conclusive in respect of the authority of the Ohio court to render such judgment.

It is unnecessary to set out all the instructions. It is sufficient to say that the jury were, in substance, instructed that the warrant of attorney authorized a confession of judgment in favor of the holder of the note; that it was to be presumed upon the showing made by the record of the Ohio court that it had jurisdiction to render the judgment sued on; and that such presumption continued throughout this case, unless the defendant, by a preponderance of evidence, proved that the plaintiff bank was not, in fact, the holder of the note when put in suit in Ohio. The jury were also instructed that if the plaintiff was found not to be such holder, the verdict should be for the defendant.

The jury's verdict was for the defendant and the judgment thereon was affirmed.   Upon the issue as to the ownership of the note at the time it was sued on in Ohio there was, as the Supreme Court of Nebraska held, proof both ways.

.Did the Ohio court have jurisdiction to render the judgment in question?   It is a settled doctrine, Chief Justice Marshall said in *Rose* v. *Himely,* 4 Cr. 241, 269, that the effect of every judgment must depend upon the power of the court to render that judgment.   In determining whether the Ohio court had authority to render the judgment against the obligors in the note, we must look first into the decisions of the highest court of that State.

In *Osborn* v. *Hawley,* 19 Ohio, 130 (1850), the plaintiff declared as endorsee of a promissory note, to which was attached a power of attorney to confess judgment.   The report of that case is very meager, but in the course of the opinion the court said: "The power of attorney is not negotiable, and when the legal title to the note is transferred the power of attorney becomes invalid, and no power whatever can be exercised under it, for the benefit of the endorsee; and he holds the note as if no such power had ever been attached to it."

In *Marsden* v. *Soper,* 11 Ohio St. 503 (1860), the plaintiff declared on a note to which was attached a warrant of attorney authorizing a confession of judgment "in favor of any holder." A suit was brought on the note in one of the courts of Ohio by the endorsee thereof, and judgment was confessed under a warrant of attorney annexed to the note.   The question was whether the court had jurisdiction of the persons of the defendants so as to authorize a judgment affecting their rights. The Supreme Court of Ohio said: "It will be noticed that the plaintiff in this judgment is not the payee of the note on which judgment is taken, but an endorsee; and that the warrant of attorney under which judgment was confessed purports to authorize such confession 'in favor of any holder of this obligation,' after the same becomes due.   But, it was held, in broad and general terms, in the case of *Osborn* v. *Hawley,* 19 Ohio

Rep. 130, that a warrant of attorney to confess judgment, attached to a note, and forming a part of the same instrument, is not negotiable, and when the note is transferred becomes invalid and inoperative. It is true, the report of that case does not inform us whether the warrant of attorney in that case purported to authorize the confession of a judgment in favor of the payee of the note alone, or whether its terms extended, as in this case, to any holder of the note after due. But, however this may have been in that case, we suppose that, if this judgment rested upon the confession under the warrant of attorney alone, it would be very questionable whether the Court of Common Pleas had any rightful jurisdiction of the defendants in the judgment."

In *Cushman* v. *Welsh,* 19 Ohio St. 536, 539, the warrant of attorney authorized a confession of judgment "in favor of the legal holder." The note there in question was payable to order and had not been regularly endorsed to the party who in fact purchased and owned it and in whose name suit was brought. The question in the case was whether the confession under the warrant of attorney authorized judgment in favor of the purchaser. The court said: "Though he might, as the owner of the note in equity, have brought an action thereon, under the provisions of the code, in his own name, against the makers of the note, it does not follow that he could obtain judgment by confession on their warrant of attorney attached to the note. That depends on the extent of the power conferred by the warrant. The attorney can do nothing more than execute the power conferred by his warrant; moreover, 'all authorities of this sort must be strictly pursued.' *Cowie* v. *Allaway,* 8 Durnf. & East, 257. 'Indeed, formal instruments of this sort are ordinarily subjected to a strict interpretation, and the authority is never extended beyond that which is given in terms, or which is necessary and proper for carrying the authority so given into full effect.' Story on Agency, sec. 68. Now, the power conferred by the terms of the instrument in this case was, to confess judgment

only 'in favor of the *legal* holder' of the note. The plaintiff below was not the 'legal' holder of the note, for the note had not been endorsed to him. He could become the 'legal holder' of the note only 'by endorsement thereon,' as authorized by the statute. S. & C. Stat. 862; *Avery* v. *Latimer*, 14 Ohio, 542. The waiving of the process and confession of judgment in favor of the *plaintiff* below was not, then, within the authority conferred by the power of attorney. Under the rule of interpretation applicable to such instruments, we must conclude that the jurisdiction of the defendants below, obtained through the warrant of attorney only, and the confession of judgment by means thereof, exceeded the authority conferred by the defendants in their power of attorney, and that the court, therefore, erred in overruling their motion to set aside the judgment, irregularly obtained against them."

In *Watson* v. *Paine*, 25 Ohio St. 340, which was an action upon a judgment based on a warrant of attorney attached to a promissory note, and which authorized any attorney at law to confess judgment in favor of the holder of the note, the point was made that the warrant of attorney did not authorize the waiving of process or an appearance for the defendants in an action brought by an endorsee. The members of the Supreme Court of Ohio were divided in opinion on that point, and it was left undecided. The case went off upon another ground, but McIlvaine, C. J., delivering the judgment of the court, expressed his individual opinion that a power to confess judgment in favor of any holder of the note may be exerted as well in favor of an endorsee as of the payee.

But in *Clements* v. *Hull*, 35 Ohio St. 141, 143, it was held that, under the Code of Civil Procedure, a warrant of attorney authorizing judgment to be confessed in favor of the holder of a note could be executed in favor of the equitable owner and holder, being the real party in interest. The court said: "The scope of the power is not limited in this case as it was in the case of *Cushman* v. *Welsh*, 19 Ohio St. 536, in favor of the *legal* holder only. The authority here given is 'to confess

judgment in favor of the holder of said note,' and we think these words were intended, and should be construed, to embrace any holder who might lawfully prosecute an action on said note, in his own name and for his own use."

The latest case in the Supreme Court of Ohio is *Spence* v. *Emerine,* 46 Ohio St. 433, 439, 440, 441. There the note was payable to a named person or bearer, and the warrant of attorney authorized any attorney to appear for the obligor in any court of record in Ohio, and confess judgment for the amount then due, and to release all errors and the right of appeal. The confession was in favor of one to whom the note had been transferred by delivery merely. The question was as to the power of the court to render the judgment. The Supreme Court of Ohio, after referring to its prior adjudications, said: "Whether the warrant of attorney can be executed for the benefit of a holder of the note other than the payee, must depend upon the language of the warrant itself. But it is an established principle that an authority given by warrant of attorney to confess a judgment against the maker of the note must be clear and explicit and strictly pursued, and we cannot supply any supposed omissions of the parties. *Cushman* v. *Welsh,* 19 Ohio St. 536; *Cowie* v. *Allaway,* 8 T. R. 257; *Henshall* v. *Matthew,* 1 Dowling's Pr. Cas. 217; *Foster* v. *Claggett,* 6 Dowling's Pr. Cas. 524; *The Manufacturers' & Mechanics' Bank of Philadelphia* v. *St. John,* 5 Hill. 497. . . . The power of attorney attached to the note in controversy does not, in express language, authorize a confession of judgment in favor of any one, not even of the payee; but if such authority might be implied as to the payee, we cannot, under the rule of a strict interpretation, extend that implication in favor of the defendant in error to whom the note was transferred by delivery. . . . It will thus be seen that where it has been adjudged by the court that a power of attorney to confess a judgment may be executed in favor of a party other than the payee, it has been in cases where authority was expressly conferred to confess a judgment in favor of a *legal*

*holder* or *holder* of the note.   The decisions have all been based upon a strict interpretation of the power granted, without aiding any omission or defect in its terms by liberal intendment or construction.   In accordance with the views which we have expressed, our conclusion is, that the warrant of attorney attached to the note sued on did not authorize a confession of judgment in favor of defendant in error, and there having been no summons or other notice to the plaintiff in error of the bringing of the original action, the Court of Common Pleas acquired no jurisdiction over the person of the plaintiff in error, and erred in rendering a judgment against him."

Looking at the face of the note, the National Exchange Bank insists that, being payee, it was also the holder within the meaning of the warrant of attorney, however strictly construed; that nothing else appearing than the note and warrant a confession of judgment in its favor was in conformity with law and usage in Ohio, as declared by the highest court of that State.   We incline to think that that position is justified by the above cases, when carefully considered; and assuming such to be the law as administered in Ohio—which is the view most favorable to the plaintiff in error—the question still remains whether the judgment, when sued on in another State, may be collaterally attacked upon the ground that the party in whose behalf it was rendered was not in fact the holder, because not the real owner, of the note?   This question must, we think, be answered in the affirmative.   It can be so answered without doing violence to the Constitution or the laws of the United States.   While the words of the warrant of attorney might be held to embrace any holder, even the equitable owner, who might rightfully prosecute an action on the note in his own name and for his own use, *Clements* v. *Hull*, 35 Ohio St. 141, above cited, yet if it was true, as alleged, that in 1885 the Tiffin National Bank purchased, received and became the owner of the note, then the National Exchange Bank could not thereafter rightfully sue on it in

its name and for its own use. Here, the confession of judgment was in behalf of the payee bank, which was not entitled to sue for its own use or to receive the proceeds, if it sold the note in 1885, and never afterwards became the owner. The words, in the warrant of attorney, "in favor of the holder of this instrument," ought not, as between the National Exchange Bank and the obligors, to be construed as embracing the former after it ceased to be the owner of the note, but, at most, as only authorizing a confession of judgment in favor of the party who had become its real owner. It should not be supposed that the obligors intended, or that the payee bank ever understood them as intending, to authorize a confession of judgment in favor of one who was not entitled, of right, to demand payment from the obligors. That view accords with justice, and, not being inconsistent with the words in the warrant of attorney, it should be adopted.

Byles on Bills says that "*holder* is a general word, applied to any one in actual or constructive possession of the bill, and entitled at law to recover or receive its contents from the parties to it." Sharswood's Ed. 66. So in 1 Parsons' Bills and Notes it is said that "by the holder of negotiable paper is meant, in law, the owner of it; for if it be in his possession without title or interest he is, in general, considered only as the agent of the owner." p. 253. So that proof that the payee bank was not the owner of the note when it brought suit in Ohio tended to show that it was not in law the "holder" of the instrument within what must be regarded as the true meaning of the warrant of attorney, and, therefore, that the court was without authority to enter judgment by confession in its favor against the obligor. In other words, the defendant Wiley could show collaterally that he was not legally before the court—as he was not in any just sense—if his appearance was entered and judgment confessed by one who had, in fact, at the time, no authority to do either; and, consequently, that the court was without jurisdiction to proceed except on legal notice to him or without his appearance in

person or by an attorney authorized to represent him. If law and usage in Ohio were to the contrary, then, such law and usage would be in conflict with the Constitution of the United States; for it is thoroughly settled that a personal judgment against one not before the court by actual service of process, or who did not appear in person or by an authorized attorney, would be invalid as not being in conformity with due process of law.

This whole subject was carefully considered in *Thompson v. Whitman,* 18 Wall. 457, 463, 469. That was an action of trespass, brought in the Circuit Court of the United States for the Southern District of New York, for taking and carrying away a certain sloop. The defendant, a New Jersey sheriff, had seized the vessel, pursuant, as he claimed, to a statute of New Jersey relating to the raking of clams, and proceeded against it before two justices of Monmouth County, New Jersey, by whom it was condemned and ordered to be sold. Those justices had no jurisdiction, under the statute, to act in the premises, unless the seizure and the offense *both* occurred in that county. The record of the case recited that the offense was committed *and the seizure* made in Monmouth County, and the contention was that the record was conclusive, both as to the jurisdiction of the court and the merits of the case. In that case it was held to be competent for the complaining party to prove collaterally that the vessel was not seized in Monmouth County, and, therefore, that the facts necessary to the exercise of jurisdiction by the New Jersey justices did not exist, although their existence was recited or affirmed in the official record made by them. Speaking by Mr. Justice Bradley, this court adjudged, in the language of Story, that the Constitution " 'did not make the judgments of other States domestic judgments to all intents and purposes, but only gave a general validity, faith and credit to them, as evidence;' " and, upon an elaborate review of previous cases, that " the jurisdiction of the court by which a judgment is rendered in any State may be questioned in a collateral

proceeding in another State, notwithstanding the, provision of the fourth article of the Constitution and law of 1790 [Rev. Stat. § 905 *et seq.*], and notwithstanding the averments contained in the record of the judgment itself." There has been no departure in the decisions of this court from the doctrines announced in *Thompson* v. *Whitman,* whether the question related to courts of general or to courts of limited or special jurisdiction. It has been repeatedly affirmed. *Knowles* v. *Gaslight & Coke Co.,* 19 Wall. 58, 61; *Hall* v. *Lanning,* 91 U. S. 160, 165; *Pennoyer* v. *Neff,* 95 U. S. 714, 732; *Cole* v. *Cunningham,* 133 U. S. 107, 112; *Grover & Baker Machine Co.* v. *Radcliffe,* 137 U. S. 287, 295; *Thormann* v. *Frame,* 176 U. S. 350, 356; *Bell* v. *Bell,* 181 U. S. 175, 178; *Andrews* v. *Andrews,* 188 U. S. 14, 34. The general jurisdiction of the Ohio court undoubtedly embraced such a cause of action as was set forth in the suit on the note. But we are of opinion that that court had no authority or jurisdiction to render judgment against the obligors, if the National Exchange Bank had in fact sold the note and ceased before the commencement of that suit to own it or to be entitled to receive the proceeds to its own use. It was, in such case, in legal effect, a personal judgment without service of process upon the defendants and without their appearance in person or by an authorized attorney. The proceedings were wanting in due process of law. The obligors never consented to judgment by confession in favor of one who was not the owner of the note or entitled to receive its proceeds, and the warrant of attorney cannot he held to have authorized such a confession.

Perceiving no error of law in the record the judgment must be affirmed.

*It is so ordered.*