**AMERICAN SURETY CO. OF NEW YORK v. BALDWIN et al.**

No. 6566.

Circuit Court of Appeals, Ninth Circuit.

Jan. 18, 1932.

Rehearing Denied Feb. 23, 1932.

Richards & Haga, Martin & Martin, Frank Martin, Oliver O. Haga, and McKeen F. Morrow, all of Boise, Idaho, for appellant.

James F. Ailshie, Jr., and J. R. Smead, both of Boise, Idaho, for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court denying an injunction pendente lite and dismissing appellant's bill in equity on the ground that the facts stated

therein did not entitle appellant to relief. The bill prays for an injunction to prevent defendants, hereinafter referred to as appellees, from enforcing a judgment entered in their favor and against appellant for the sum of $22,357.21 in the District Court for the Third judicial district of the state of Idaho. The judgment in question was entered against appellant without notice upon a supersedeas bond given by it to stay execution pending an appeal to the Supreme Court of Idaho. It is unquestioned that such a judgment may be entered in that manner, if justified by the terms of the bond. It was expressly so held by this court in United States Fidelity & Guaranty Co. v. Ft. Misery Highway District, 22 F.(2d) 369, with reference to such a bond also given in the state of Idaho. The controversy in this case arises out of the fact that there are two defendants in the action in which the supersedeas bond was given; the Singer Sewing Machine Company and one Ed Anderson who was claimed to be an employee of the Singer Sewing Machine Company in an action to recover damages for personal injuries. Judgment was rendered against both defendants in that action, and an appeal was taken by both. The appeal of the Singer Sewing Machine Company was sustained, and the judgment against it reversed, while the judgment against its codefendant, Anderson, was affirmed. Thereafter the trial court, upon motion of the plaintiff therein, without any notice whatsoever to the surety company, appellant herein, entered a judgment against it for the full amount of the judgment against Anderson, together with interest and costs. Claim is made here by appellees that the supersedeas bond in question was given to stay the whole judgment against both defendants in that action, and therefore that the entry of judgment against the surety company without notice was proper. On the other hand, it is claimed by the surety company that the bond was given solely on behalf of the Singer Sewing Machine Company and that when the appeal of that company was successful its obligation upon the bond ceased. In view of this controversy, we will hereinafter set out the bond in full. Immediately after the entry of the judgment against the appellant in the aforesaid action, appellant moved the District Court to vacate the judgment. The motion was granted and an order entered vacating the judgment. From this order, an appeal was taken by the plaintiffs therein, appellees here, to the Supreme Court of Idaho, which court, reversed the order of the District Court setting aside the judgment against the appellant and reinstated the said judgment. Baldwin v. Anderson, 299 P. 341, 344. This decision was based on the proposition that the trial court had no jurisdiction to set aside its judgment under the circumstances, and that the remedy of the surety company was by an appeal from the judgment. In the meantime, the period for appeal had expired under the Idaho statute, unless that period was tolled by the pendency of the proceeding to vacate the judgment and the appeal therefrom. After the decision by the Supreme Court of Idaho, holding that the order of the trial judge vacating the judgment was unauthorized, an appeal was taken from the judgment by the appellant herein, but unless the time for taking that appeal was tolled by the proceeding above mentioned it was too late. Appellant calls attention to a later decision rendered by the Supreme Court of Idaho in a similar case, holding that the pendency of proceedings to vacate a judgment and of an appeal from the order vacating the judgment did not toll the statute as to the time of appeal from the judgment itself, and that an appeal taken after the expiration of the statutory period was too late. Mountain States Implement Co. v. Arave, 2 P.(2d) 314.

Appellant has also filed a petition for a writ of certiorari in the Supreme Court of the United States to review the judgment of the Supreme Court of Idaho on the appeal from the order setting aside the judgment in question. At the time of this opinion, the petition has not been acted on.

The supersedeas bond herein referred to is as follows:

"In the District Court of the Third Judicial District of the State of Idaho, in and for the County of Ada.

"Vivian F. Baldwin and E. R. Baldwin, Plaintiffs, vs. Singer Sewing Machine Company, a corporation, and Ed Anderson, Defendants.

"Undertaking on Appeal.

"Whereas the defendant, Singer Sewing Machine Company, a corporation, in the above-entitled action has appealed to the Supreme Court of the State of Idaho from the judgment made and entered against it in the above-entitled action and in the above-entitled court in favor of the plaintiffs in said action on the 31st day of May, 1928, for the sum of Nineteen Thousand Five Hundred ($19,500) Dollars and for Seventy-three and 70-100 ($73.70) Dollars costs in said suit, making a total of Nineteen Thousand Five

Hundred Seventy-three and 70-100 ($19,-573.70) Dollars, and from the whole of said judgment;

"And whereas, the said appellant, Singer Sewing Machine Company, a corporation, is desirous of staying the execution of said judgment so appealed from;

"Now, therefore, the undersigned American Surety Company, a corporation authorized to, and doing business in the State of Idaho, in consideration of the premises and of such appeal on the part of said appellant, Singer Sewing Machine Company, a corporation, does hereby acknowledge itself firmly bound in the sum of Twenty-five Thousand ($25,000.00) Dollars, gold coin of the United States, that if the said judgment appealed from, or any part thereof, be affirmed, or the appeal dismissed, the appellant will pay in gold coin of the United States of America, the amount directed to be paid as to which said judgment shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal, and that if the said appellant does not make such payment within thirty days from the filing of the remittitur from the Supreme Court in the court from which the appeal is taken, judgment may be entered on motion of the respondents in their favor and against the undersigned surety for the said sum of Nineteen Thousand Five Hundred Seventy-three and 70-100 ($19,573.70) Dollars, together with the interest that may be due thereon and the damages and costs which may be awarded against the said appellant, Singer Sewing Machine Company, upon the appeal.

"In witness whereof, the said American Surety Company has caused its name and seal to be attached hereto by its proper officers and agents at Boise, Idaho, this 28th day of August, 1928."

The Supreme Court of Idaho, in passing upon the validity of the order of the District Court vacating the judgment against appellant herein, refused to consider the question as to whether or not the supersedeas bond or undertaking applied only to such judgment as might be affirmed against the Singer Sewing Machine Company, or whether it applied to the entire judgment. The court in that regard stated as follows: "The question or issue presented was: Did the surety company, in its undertaking, become a party liable for every part of the judgment appealed from which might be affirmed by the Supreme Court, or did it stipulate only as to such judgment or part thereof as might

be affirmed against the Singer Sewing Machine Company? To answer this question the court must look to the bond. The issue required a construction of the bond as a whole. The trial court had jurisdiction of this question. It construed the bond in favor of appellants and against the surety company. It was not only in that court's power, but it was its duty, to decide the question submitted. In re Clerf, 55 Wash. 465, 104 P. 622; Winfrey v. Benton, 25 Okl. 445, 106 P. 853. Whether it decided rightly or wrongly, its decision was a judgment which could be reviewed for error, if there was error, only by this court on appeal. Bunnell & Eno, etc., Co. v. Curtis [5 Idaho, 652, 51 P. 767], supra; Taylor v. Hulett [15 Idaho, 265, 97 P. 37, 19 L. R. A. (N. S.) 535], supra; Wyllie v. Kent [28 Idaho, 16, 152 P. 194], supra; United States Nat. Bank v. Eldridge [49 Idaho, 363, 288 P. 416], supra. On appeal the question could be re-examined. The undertaking cannot be examined and its legal effect as to this issue be determined by us on this appeal. We may consider it only in so far as to determine whether its wording is such that it afforded color of legal right in appellants to judgment. That is to say, whether appellants' motion presented a legitimate question and was not an imposition or fraud upon the court. We think, regardless of what our construction of the bond might be, it cannot be said appellants held no right to submit the question. Nor can it be said that such submission was a fraud upon the court and on that ground its judgment was void."

Justice Budge, however, dissented from the conclusion of the court and gave his view as to the proper interpretation of the bond in question. As we fully concur in the views expressed by Justice Budge with reference to the nature and effect of this bond, we quote as follows from his opinion:

"The supersedeas bond upon its face and throughout its contents shows clearly that it was given to stay execution upon the judgment and the whole thereof entered against the sewing machine company. Anderson's name nowhere appears in the bond, and in order to uphold the judgment entered upon the supersedeas bond it becomes necessary for the court to read into the bond that it was given to stay execution of the judgment against Anderson as well as against the sewing machine company. This the court has no authority to do. * * *

"It affirmatively appears from the condition of the bond as above set out that the

bond was given solely for the purpose of staying execution against the Singer Sewing Machine Company, with the amount of the judgment payable only in the event the judgment against the Singer Sewing Machine Company or any part thereof be affirmed. If the judgment against the sewing machine company had been affirmed in part, the bond would be answerable to the extent of the affirmance."

The bond then was one given on behalf of the Singer Sewing Machine Company. Its stipulation, by its express terms and also as implied from the statute under which it was given, was an agreement that, in the event the judgment against the Singer Sewing Machine Company was affirmed, judgment might be entered against the surety without notice. There was no agreement that judgment could be entered against it without notice in any other event, as was done in the case at bar. The surety agreed to stand good for the obligation of the Singer Sewing Machine Company if that obligation was affirmed by the Supreme Court of Idaho on appeal. But that court held that there was no obligation on the part of the Singer Sewing Machine Company, and reversed the judgment against it. By the ex parte judgment entered, the surety was called upon to answer for an entirely different obligation, that of Anderson.

It is said that a surety, by entering into the obligation upon its supersedeas bond, makes itself a party to the action and is bound by all subsequent proceedings, even though erroneously taken against it. This, to a certain extent, is true, as was held by this court in United States Fidelity & Guaranty Co. v. Ft. Misery Highway District, 22 F. (2d) 369, supra. The difficulty here is that the agreement of the appellant, that a judgment should be entered against it without notice, was confined to a judgment in the event that the judgment against its principal was affirmed. It was reversed. In the absence of such affirmance, there was no agreement or authority for entering a judgment ex parte. The waiver of notice applied only in the event that the judgment against the Singer Sewing Machine Company was affirmed.

In National Exchange Bank v. Wiley, 195 U. S. 257, 25 S. Ct. 70, 49 L. Ed. 184, the Supreme Court had occasion to deal with a consent judgment which was entered without any notice whatever, under and pursuant to the terms of a promissory note providing that a judgment might be so entered. It was held that where the express terms of the note did not, in the view of the Supreme Court, authorize the entry of a judgment by the payee after he ceased to be the holder thereof that the judgment was void and unenforceable. In that regard, the court stated as follows (page 270 of 195 U. S., 25 S. Ct. 70, 75): "But we are of opinion that that court had no authority or jurisdiction to render judgment against the obligors if the National Exchange Bank had in fact sold the note, and ceased, before the commencement of that suit, to own it or to be entitled to receive the proceeds to its own use. It was, in such case, in legal effect, a personal judgment without service of process upon the defendants, and without their appearance in person or by an authorized attorney. The proceedings were wanting in due process of law. The obligors never consented to judgment by confession in favor of one who was not the owner of the note or entitled to receive its proceeds, and the warrant of attorney cannot be held to have authorized such a confession."

We think there is no distinction in principle between that case and the case at bar. In that case, it was held that by the terms of the note the payor had not consented to a judgment by confession in favor of the payee after the payee had parted with title. Consequently, the judgment having been entered without actual notice to him, it was void.

In the case of a supersedeas bond, although, as we have stated, the surety has frequently been referred to as a party to the action his relationship to the case is not strictly that of a party. His relationship is fixed by the terms of the bond and the statute under which it is given. Giving the utmost effect to the decisions of the courts in that regard, they do not go further than to hold that the surety stands in the shoes of his principal. We are not dealing here with a case where a judgment is rendered erroneously by a court after it has acquired jurisdiction of the parties, but with one where it has not acquired jurisdiction of the surety, because the surety has neither waived notice nor been given notice.

It follows from what we have said that the judgment against the surety company was not only erroneous, but wholly void as having been given without notice or hearing in violation of the Federal Constitution. National Exchange Bank v. Wiley, 195 U. S. 257, 25 S. Ct. 70, 49 L. Ed. 184, supra. This view is inconsistent with the decision of the Supreme Court of Idaho, but the majority of the court there assumed upon the appeal in question that the surety was in court at the

time of the hearing of the motion for judgment against it, and that therefore the court not only had jurisdiction of the subject-matter of the judgment, but of the parties, and that its decision, although erroneous, was not void. We would concur in this opinion if the premise were granted that the surety was in court at the time the trial court entered the judgment against it.

■ With reference to the remedy of appellant in the state courts by appeal or otherwise, appellant relies on the rule frequently stated by the federal courts, that the existence of a plain, speedy, and adequate remedy in the state courts is no bar to the maintenance of an action in equity in the federal courts. The rule is stated by this court in Franklin v. Nevada-California Power Co., 264 F. 643, 645, as follows: " * * * The law is that the adequate remedy at law which is the test of equitable jurisdiction in the federal courts must exist in those courts. The fact of the existence of such a remedy in a state court is immaterial."

This rule was invoked by the Supreme Court in Simon v. Southern Railway Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492, upholding the jurisdiction of a federal court in equity, where a judgment was obtained in a state court against the railroad company without notice to it. It is there said (page 122 of 236 U. S., 35 S. Ct. 255, 257):

"Much more so will equity enjoin parties from enforcing those obtained without service. For in such a case the person named as defendant 'can no more be regarded as a party than any other member of the community.' Such judgments are not erroneous and not voidable, but, upon principles of natural justice, and under the due process clause of the 14th Amendment, are absolutely void. They constitute no justification to a plaintiff who, if concerned in executing such judgments is considered in law as a mere trespasser. * * *

"On principle and authority, therefore, a judgment obtained in a suit of which the defendant had no notice was a nullity and the party against whom it was obtained was entitled to relief."

The same rule was applied in a more recent case by the Supreme Court, Risty v. Chicago, R. I. & Pac. Ry. Co., 270 U. S. 378, page 388, 46 S. Ct. 236, 240, 70 L. Ed. 641, where it was said: "The remedy by appeal to the state court under section 8469 does not appear to be coextensive with the relief which equity may give. In any event, it is not one which may be availed of at law in the

federal courts, and the test of equity jurisdiction in a federal court is the inadequacy of the remedy on the law side of that court and not the inadequacy of the remedies afforded by the state courts. Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819; Chicago, B. & Q. R. R. Co. v. Osborne [265 U. S. 14, 44 S. Ct. 431, 68 L. Ed. 878], supra."

The rule was applied by the Circuit Court of Appeals for the Fourth Circuit in Firestone Tire & Rubber Co. v. Marlboro Cotton Mills, 282 F. 811, where the equity jurisdiction of the federal court was invoked, by reason of diversity of citizenship, to restrain enforcement of a final judgment in a state court, obtained without proper service, notwithstanding the existence of a remedy in the state court, by petition to have the judgment set aside.

■ As we understand, the appellees do not question the jurisdiction of a federal court of equity to entertain the bill, notwithstanding the existence of the remedy in the state courts, but contend that, under the ordinary rules of equity procedure, the federal court should refuse to take jurisdiction; or, otherwise stated, "having jurisdiction, refuse to entertain complainant's bill or to act in the premises," on the ground of comity. In support of this contention, appellees cite Graham v. Boston, etc., R. R. Co. (C. C.) 14 F. 753; Denton v. Baker (C. C. A.) 93 F. 46; Strand v. Griffith (C. C. A.) 144 F. 828; Bower v. Stein (C. C. A.) 177 F. 673; Eggers v. Krueger (C. C. A.) 236 F. 852; Simonitsch v. Bruce (C. C. A.) 258 F. 331. None of these cases apply to a situation where the petitioner sought to avoid the effect of a judgment entered against it without due process of law. The difficulty in the case at bar is that appellant has not had its day in court. When it applied to the state district court to have the judgment vacated, it might have been bound by an adverse decision of that court if one had been rendered, were it not for the fact, as subsequently determined by the Supreme Court of the state, that the district court of the state had no jurisdiction to consider the question at all; that the Supreme Court of Idaho alone had jurisdiction to correct the error on appeal.

■ Appellees also contend that the pendency of its appeal to the Supreme Court of Idaho, and of its petition for a writ of certiorari to the Supreme Court, precluded the appellant from proceeding in equity in the federal court. But the rule is otherwise. Borden's Condensed Milk Co. v. Baker (C.

C. A.) 177 F. 906, 911. The bill stated a cause of action for relief in equity.

Appellees object to the verification of the bill by one of the solicitors for the appellant. The verification recites the source of affiant's knowledge as: " * * * From the records and decisions of said court (District Court Third Judicial District) and the Supreme Court of the State of Idaho and from other sources which he believes to be reliable; that he has read the above and foregoing complaint and believes the facts therein stated to be true."

Upon the hearing of the motion for an injunction, appellees presented copies of all the documents involved in the matter, covering about 160 pages of the transcript, and also affidavits of the appellees' attorney and by the trial judge affirmatively showing that the judgment in question was entered without any notice whatsoever to the appellant, upon the representation by appellees' attorney that such notice would be entirely unnecessary. If there is any defect in the verification of the bill as it affected the right to an injunction pendente lite, it was cured by the appellees' evidence covering practically all of the allegations of the bill.

The temporary injunction should have been granted. The decree of dismissal and the order denying the application for a temporary injunction are reversed, and the trial court is directed to grant a temporary injunction as prayed for.