Earl Francis, Appellant, v. Frederick E. Legris, Sr. et al., Appellees.

Gen. No. 9,390.

Heard in this court at the October term, 1938. Opinion filed October 24, 1938.

W. H. DYER, of Kankakee, for appellant; EBEN B. GOWER, of Kankakee, of counsel.

WERNER W. SCHROEDER, of Chicago, and LEN H. SMALL, of Kankakee, for appellee Minnie B. Hutchin.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

On April 30, 1932, a judgment by confession was rendered by the circuit court of Kankakee county in favor of Mary E. Enos and against Frederick E. Legris and H. C. Leuhers and Sons Corporation for $7,299.05 upon a note for the principal sum of $5,000, dated May 2, 1923, payable to Eugene Enos and executed by said corporation, and by said Frederick E. Legris. Upon this judgment an execution was issued, which was duly returned not satisfied. On August 2, 1934, in a proceeding theretofore brought in the circuit court of Kankakee county by certain creditors of the

American Trust and Savings Bank of Kankakee, then in the process of liquidation, against the stockholders of that bank, a judgment was rendered against the said Frederick E. Legris for $48,528, upon which an execution issued on October 18, 1934, which execution was, on December 18, 1934, returned not satisfied. On May 11, 1937 and October 27, 1937 other executions were issued and not being satisfied the plaintiff, being successor receiver by appointment of the circuit court of Kankakee county in said stockholders' suit, filed, by leave of court, on November 22, 1937, the instant complaint, which alleged that the note upon which the circuit court rendered judgment on April 30, 1932 in favor of Mary E. Enos was not indorsed by the payee Eugene Enos but that Elfa M. Hutchin, at the time said judgment was rendered, represented to the court that she was the agent of said Mary E. Enos, the plaintiff therein, and further represented that said Mary E. Enos was the owner thereof and that the makers of said note were indebted to her for money loaned by her to them. The complaint averred that the note did not then and never had belonged to said Mary E. Enos, that said representation that it did was false and known by Elfa M. Hutchin to be false when made, that Elfa M. Hutchin died on July 30, 1933 and on October 10, 1934 Minnie B. Hutchin, knowing that Mary E. Enos was not the owner of the note of May 2, 1923, fraudulently procured said Mary E. Enos to assign said judgment of April 30, 1932 to her the said Minnie B. Hutchin. The complaint then described certain residence property in the village of Bourbonnais and certain farm land, all in Kankakee county, which it was alleged were owned by said Frederick E. Legris and prayed that the judgment of April 30, 1932 be declared null and void and by decree removed out of the way of plaintiff's execution.

Minnie B. Hutchin answered this complaint, in which she averred that Mary E. Enos was the legal holder of said note at the time judgment was taken and that Elfa M. Hutchin had furnished the consideration for said note and that she, the said Elfa M. Hutchin, was therefore the equitable owner thereof. By her answer she denied that Elfa M. Hutchin had made any false or fraudulent representations at the time the judgment was rendered and denied that she, the said Minnie B. Hutchin, had fraudulently procured an assignment of said judgment from Mary E. Enos. By her answer she insisted that the plaintiff was guilty of laches because he and his predecessors, after the judgment was procured against Legris on August 2, 1934, took no steps to assail the judgment of April 30, 1932 until this complaint was filed on November 22, 1937, two and one-fourth years thereafter, and averred that during this period of time Elfa M. Hutchin and Mary E. Enos had died, thereby depriving this defendant of their testimony. The answer denies that the judgment was obtained by fraud upon the court and avers that the makers of said note of May 2, 1923, upon which judgment was rendered on April 30, 1932, have at all times recognized the validity of said judgment and have never at any time questioned said judgment or sought to set it aside and insists that she is the owner of said judgment and that it is a first and prior lien upon the property of Legris which is described in the complaint, subject only to prior mortgage incumbrances thereon. After the issues were made up the cause was heard by the chancellor, resulting in a decree dismissing the complaint for want of equity and the plaintiff appeals.

The evidence discloses that the American Trust and Savings Bank of Kankakee closed on December 27, 1929 and on April 30, 1930 a suit was instituted by certain creditors of that bank to enforce the liability of its stockholders and on August 2, 1934 a judgment was

obtained against Frederick E. Legris for $48,528, upon which an execution issued on October 18, 1934, which was returned unsatisfied. On May 11, 1937 and October 27, 1937, other executions were issued and the later one was in the hands of the sheriff at the time the complaint herein was filed. Prior to February 20, 1929, the name of the American Trust and Savings Bank had been the Legris Trust and Savings Bank (*Heine v. Degen*, 362 Ill. 357), and Eugene Enos was employed there for many years and accumulated considerable property. On November 4, 1928, a conservator was appointed for Eugene Enos and a year later he died at the age of 68, leaving an estate of approximately $200,000. Mary E. Enos was his aunt by marriage and he had for many years made his home with her and to an extent he looked after some of her business and financial transactions. Elfa M. Hutchin also lived in the home of Mary E. Enos, took care of her and was her companion and intimate friend up until the time of the death of Elfa, which occurred in 1933. Minnie B. Hutchin, appellee herein, is the sister of Elfa M. Hutchin and her sole devisee and legatee. Prior to the death of Elfa, Minnie lived in California, but upon her sister's death, she, Minnie, came to Kankakee and lived in the home with Mrs. Enos, administered her sister's estate and remained with Mrs. Enos in her home until the death of Mrs. Enos, which occurred on June 2, 1935, at which time Mrs. Enos was almost 90 years of age.

George E. Leuhrs testified that on May 2, 1923 he had a transaction with Eugene Enos and in return for the note signed by the Leuhrs Corporation and Frederick E. Legris (being the note upon which judgment was taken on April 30, 1932 and which judgment it is sought, in this proceeding, to remove out of the way of appellant's execution), he received from Eugene Enos a check for $5,000 payable to the order of F. E. Legris,

bearing the signature of Mary E. Enos, that this check was indorsed by the payee F. E. Legris and delivered by him to Leuhrs, and by virtue of said check and indorsement he, Leuhrs, received the $5,000 called for by the check, that Mary E. Enos had an account in the Legris Trust and Savings Bank upon which the check was drawn and the check was paid by the bank the day of its date and charged to the account of Mary E. Enos. This check was produced upon the hearing of this case and was introduced and admitted in evidence.

Amos H. Robillard testified that he is a lawyer and has been practicing his profession in Kankakee since 1906, that he knew Elfa M. Hutchin, Mary E. Enos and Eugene Enos, that Elfa M. Hutchin first brought the $5,000 Legris note of May 2, 1923 to his office and consulted with him about its collection, that thereafter he prepared the narr, cognovit and affidavit of Elfa M. Hutchin which resulted in the judgment of April 30, 1932 and did so only after consulting with Mary E. Enos and Elfa M. Hutchin, both of whom came to his office and from whom he ascertained the facts concerning said note. The narr and cognovit are in the usual form. The narr alleged the execution of the note by the defendants, its delivery to the plaintiff Mary E. Enos and averred that the defendants by said note promised to pay to the order of the plaintiff by the name, style and description of Eugene Enos the amount of said note. Attached to said narr and cognovit is the note indorsed by Mary E. Enos showing four credits, two for $500 each, one on February 8, 1929 and another on April 2, 1929, another credit of $368.11 on October 3, 1929 and a $770.32 credit on November 4, 1929. The affidavit of Elfa M. Hutchin was also attached to the narr and cognovit and in this Elfa deposed that she was the agent of the plaintiff and made the affidavit for and on her behalf, and that there is due the plaintiff from the defendants after allowing all offsets and counterclaims the sum of $7,299.05.

On October 10, 1934 Mary E. Enos was again in Mr. Robillard's office. Minnie B. Hutchin was with her and at the request of Mary E. Enos, Mr. Robillard prepared an instrument which Mary E. Enos executed and which assigned the judgment of April 30, 1932 to Minnie B. Hutchin and appointed Minnie B. Hutchin her attorney in fact to collect it. In addition to the assignment Mary E. Enos executed another instrument which stated that she had assigned this judgment to Minnie B. Hutchin and recited as a reason for so doing that the note and judgment were the property of Elfa M. Hutchin and that the money loaned on the note was the money of the said Elfa M. Hutchin, that Eugene Enos, in his lifetime, made the deal and brought the note back made out in the name of Mary Enos, and that she immediately turned the note over to the said Elfa M. Hutchin as and for her sole property. These instruments were duly acknowledged and recorded in the recorder's office of Kankakee county on July 13, 1937. An instrument dated November 7, 1928 and signed by Mary E. Enos, which acknowledged that she had received from Elfa M. Hutchin full payment for the Legris and Leuhrs and Son $5,000 note, dated May 2, 1923, was also offered and admitted in evidence.

A. L. Granger called as a witness on behalf of appellant testified that he was a lawyer and had practiced his profession in Kankakee since 1890 and was well acquainted with Eugene and Mary E. Enos; that Eugene had been a client of his for 25 or 30 years and consulted him frequently during that time. That he had also acted as attorney for Mrs. Enos and drafted several wills for her and in the final one she bequeathed her property to Minnie Hutchin instead of Elfa, who had died, and nominated Minnie executrix of her will; that she was a very bright woman but became a little forgetful a year or two before her death. He further

testified that he, at her request, made a list of the contents of her safety box in 1930; that her property consisted largely of government bonds and aggregated in value about $50,000; that the note of May 2, 1923 was not there; that he acted as attorney for the conservator of Eugene Enos and settled his estate and the note of May 2, 1923 was not inventoried as a part of his estate, nor was the judgment ever inventoried as a part of the estate of Mary E. Enos. Mr. Granger further testified that Elfa M. Hutchin had something to do with Eugene's business affairs and that she spoke to him on the street a couple of years before Eugene's death about the Legris note but just what the conversation was does not appear from the evidence.

It is the contention of counsel for appellant that the judgment obtained by Mary E. Enos on April 30, 1932 is void because it was obtained by a fraud upon the court which rendered it, that the fraud consisted of the statement contained in the affidavit of Elfa M. Hutchin to the effect that there was a certain amount due upon the note upon which judgment was rendered to Mary E. Enos. Counsel argue that inasmuch as the note was payable to Eugene Enos and was not indorsed by him that he or his representatives were the only ones entitled to take judgment thereon and in support of this proposition cite *Elvin v. Wuchetich,* 326 Ill. 285 and *Collins v. Ogden,* 323 Ill. 594. What these cases hold is that the mere possession of a negotiable instrument payable to order and not indorsed by the payee is not, alone, evidence of title either legal or equitable, in the possessor, but the burden is on the possessor to prove his equitable title by showing delivery to him with intent to pass title. The judgment attacked in the instant case was rendered in a suit wherein Mary E. Enos was plaintiff and the narr alleged that the makers of the note sued on promised to pay her, the plaintiff Mary E. Enos, by the name, style and descrip-

tion of Eugene Enos. The affidavit of Elfa M. Hutchin was to the effect that she was the agent of the plaintiff and that there was due the plaintiff upon said note the sum of $7,299.05. The proof is that at the time this judgment was taken the payee of said note was dead, that he had never been the owner of the note, had never had title thereto and had acted only as agent for someone else. The consideration, so the evidence discloses, was furnished out of a bank account carried in the name of Mary E. Enos. Mary E. Enos had placed her name on the back of the note. Elfa M. Hutchin had possession thereof and Mrs. Enos stated to the attorney who prepared the narr and cognovit and accompanying affidavit that the note was the property of Elfa and Minnie Hutchin. The statement in the receipt of November 7, 1928, signed by Mrs. Enos, might indicate that on that day Elfa had completed paying Mrs. Enos for this note, while the statement of Mrs. Enos attached to the assignment and which is dated October 10, 1934 indicates that it was Elfa's money that was in Mrs. Enos' bank account and which was paid out when the check of May 2, 1923 was honored by the bank on which it was drawn. From all the evidence found in this record, it is reasonable to conclude from the recitals in Elfa's affidavit filed with the narr and cognovit at the time judgment was taken that she, Elfa, being the beneficial owner of all or a portion of the debt evidenced by said note, vested Mary E. Enos with possession and legal title thereto for the purpose of reducing the note to judgment and that Mary E. Enos, at the request of Elfa, consented to this procedure and after the death of Elfa assigned and transferred the judgment to Minnie Hutchin, appellee herein. These are the facts which distinguish the instant case and render inapplicable the principle of law relied upon by appellant and enunciated in the *Elvin* and *Collins* cases, *supra*.

In *Bonner v. Gordon,* 63 Ill. 443, the plaintiff William Bonner declared on a promissory note payable to him by the name and style of the First National Bank of Centralia. In reversing a judgment of the trial court which sustained a demurrer to that declaration, the court stated that it was extraordinary that Bonner should have taken a note payable to himself by the name of the bank but that the demurrer admitted that he did and that the defendants gave it. In the course of its opinion the court said that the mere production of the note would not prove the averment of the declaration but the fact would have to be proved on the trial. The judgment here attacked was entered by confession upon a warrant of attorney. Counsel for appellant concede that such a judgment is as impervious to collateral attack as is a judgment obtained in open court providing that the court entering the judgment by confession had jurisdiction. The only reason assigned why the court rendering this judgment did not have jurisdiction is that the warrant of attorney authorized judgment only to be taken in favor of the legal holder of the note and counsel argue, in the absence of any indorsement of the note by the payee, Eugene Enos, Mary E. Enos could not be the legal holder thereof and therefore the jurisdiction of the court which rendered the judgment was fraudulently invoked against the defendants. In support of this argument, counsel cite 15 R. C. L. at page 661, where it is said that where a judgment, under a warrant of attorney, annexed to a promissory note authorizing confession of judgment in favor of the holder, was rendered in favor of one who was not the holder, that then such judgment may be subjected to collateral attack. In support of this text the author of the article cites the case of *National Exchange Bank v. Wiley,* 195 U. S. 257, 49 L. Ed. 184. In that case it appeared that the note sued on was payable to the National Ex-

change Bank and had never been indorsed by it. Later the note was purchased by the Tiffin Nat. Bank, which then became the owner, but the note was not indorsed by the payee. Subsequently judgment was taken in the name of the National Exchange Bank and the Supreme Court held that as the payee was no longer the holder and owner of the note, it could not bring suit but that judgment should have been taken in the name of the owner who was entitled to receive its proceeds. What this case holds is that when a note is payable to one and unindorsed but actually owned by another, the judgment should be taken by the owner or by someone designated by the owner. The trouble with appellant's argument is that the evidence here disclosed that when this judgment was rendered the note was filed with the narr, cognovit and affidavit. The note was in fact produced by the plaintiff. She was, therefore, at that time, its actual holder. From that fact and the other evidence appearing in this record, it must be concluded that Mrs. Enos, the plaintiff, was the legal holder of the note for the purpose of instituting suit thereon and under the authorities the fact that some one other than the plaintiff may be entitled to the proceeds of the judgment can be of no concern to appellant. In *Illinois Conference v. Plagge,* 177 Ill. 431, the court said: "Whether others have an equitable or beneficial interest in the proceeds of the collection of a note need not be disclosed by the pleadings in an action at law by the party holding the legal title to the note. It is sufficient, in such case, the action is in the name of the holder of the legal title. . . . A judgment in favor of a party having possession of a promissory note and legal title thereto will constitute a legal defense against the payee of the note, though such possession and legal title be merely for the purpose of accomplishing the collection of the paper." In *Manley v. Park,* 68 Kan. 400, 66 L. R. A. 967, it is said: "When the owner of a

note, for reasons satisfactory to himself, assigns it to another, thereby vesting in him the full legal title, the assignee becomes, so far as the debtor is concerned, the real party in interest. The original owner is still the person to be finally benefited by the litigation, but his legal demand is no longer against the maker of the note, but against the person to whom he has assigned it. When the obligor is sued by such assignee (no claim as innocent purchaser being involved), he can make any defense he could have made against the assignor; he is fully protected against another action; and in no way is it a matter of the slightest concern to him what arrangement between the plaintiff and the original creditor occasioned the assignment."

A person having no interest in a note as holder or owner may not maintain an action thereon, 3 R. C. L. 990. The judgment here attacked was rendered by a court of general jurisdiction and having jurisdiction of the subject matter. The parties, plaintiff and defendant, submitted their persons to the jurisdiction of the court in the manner provided by law. The judgment rendered is not void and whether or not it may be voidable upon direct attack is not before us. Even if it should be held that Mrs. Enos was not entitled to bring the suit upon the note, that alone, in our opinion, would not show a want of jurisdiction or render the judgment a nullity. *Stoff v. McGinn,* 178 Ill. 46. In *Wenner v. Thornton,* 98 Ill. 156 at page 165, it is said: "Much has been said upon the assumption that an interest on the part of the plaintiff in the matter in litigation, is essential to give jurisdiction of the subject matter of a suit. But we do not acquiesce in such assumption, regarding that although it may appear on the face of the proceeding that the plaintiff is not entitled to bring the suit, yet, that does not make a want of jurisdiction of the subject matter and render a judgment for the plaintiff a nullity,—but that it would

only be erroneous—that there would be but error in the exercise of jurisdiction, and not a lack of jurisdiction of the subject matter of the suit."

There is no contention here by the makers of the note that the judgment was incorrect in amount or that any part of it has been paid nor are the judgment debtors questioning its validity. The allegation of the complaint charging that appellee, Minnie B. Hutchin, fraudulently procured Mary E. Enos to assign the judgment to her is not sustained by any evidence in the record and it clearly appears from all the evidence that there was no intent upon the part of anyone to perpetrate a fraud upon the court nor was anyone in fact defrauded by the procedure followed by Mary E. Enos, Elfa Hutchin or by appellee Minnie B. Hutchin.

The decree appealed from is the only one warranted by the evidence found in this record and it will be affirmed.

*Decree affirmed.*