Edward S. Silver, S.
The administrator of decedent’s estate, who was appointed by this court on June 21, 1956, instituted this proceeding under section 211-b of the Surrogate’s Court Act to determine the validity of a claim based on a default judgment that was rendered against the decedent, after his death, in the United States District Court in Katchikan, Alaska. The facts with reference to the claim are as follows:
The decedent purchased dock property in Ketchikan, Alaska, on June 19, 1951 for $25,000. He gave a purchase-money mortgage for the full purchase price and used the property to operate a salmon cannery. He defaulted in his mortgage payments and foreclosure proceedings were instituted by the mortgagee on March 29, 1954. The Territory of Alaska (hereinafter referred to as the respondent) was made a party defendant as it had filed a tax lien in the sum of $59,582,93 against the *1024 decedent on November 2, 1953 and issues were raised with respect to the validity and priority of the lien. The lien was predicated upon local license taxes which had been assessed against decedent for his cannery operations in the years 1950-1951. The respondent filed a cross claim against the decedent for said sum and prayed for enforcement of its lien. The respondent secured an order permitting service of the cross claim upon decedent wherever he might be found. The cross claim was duly served upon the decedent in Seattle, Washington, on April 26, 1954, but he died before his time to answer had expired without having served an answer to said cross claim. The decedent’s default was duly noted on July 21, 1954 by the court, which had no knowledge of decedent’s death, and was entered pursuant to rule 55 of the Federal Buies of Civil Procedure on July 28,1954. Judgment on the pleadings was entered against the decedent on December 13, 1956 and foreclosure of the mortgage was decreed. However, an order was entered staying enforcement of that judgment pending a determination as to the validity and priority of respondent’s tax liens. Upon appeal, the validity and priority of the respondent’s tax lien was upheld (see Schlothan v. Territory of Alaska, 276 F. 2d 806, cert. den. 362 U. S. 990). The judgment effectuating that decision was entered on October 31, 1957. The decedent’s assets in Alaska were sold and applied in reduction of respondent’s judgment. The unpaid portion of the judgment constitutes the claim which has been rejected by the administrator.
The administrator challenges the validity of the judgment because it was rendered against the decedent after his death without the action being revived against decedent’s representatives in the manner required by rule 25 (subd. [a], par [1]) of the Federal Rules of Civil Procedure which, as in effect in Alaska in 1954, provided in part as follows: ‘ ‘ If a party dies and the claim is not thereby extinguished, the court within 2 years after death may order substitution. If substitution is not so made, the action shall be dismissed as to the deceased party.”
The respondent advanced two reasons for upholding the validity of the judgment. The first reason, that revival of the action was unnecessary because the court had acquired jurisdiction over the decedent prior to his death, is legally unsound. It has been held that, under rule 25 (subd. [a], par. 1), as in effect in Alaska in 1954, survival of an action, upon the death of a party is made dependent upon a timely substitution, because the rule operates as a Statute of Limitations against revivor and as a mandate to the court to dismiss an action not revived *1025 within the two-year period (Anderson v. Yungkau 329 U. S. 482; Rhodes v. Collier, 18 F. R. D. 50; Anderson v. Brady, 1 F. R. D. 589; Snyder v. Buck, 340 U. S.15). The second reason, that the judgment was rendered by a court of competent jurisdiction and must be accorded full faith and credit until shown to be invalid in a direct action or proceeding, does not warrant the court’s serious consideration. The jurisdiction of a court to render a judgment, when challenged, is open to inquiry when its judgments are produced for the purpose of giving them effect (Pendleton v. Russell, 144 U. S. 640; National Exch. Bank v. Wiley, 195 U. S. 257; Haddock v. Haddock, 201 U. S. 562, 573).
Accordingly, the court determines that the judgment has no binding effect as a claim against the assets of the decedent’s estate, as it was rendered against the decedent after his death without being revived against his representatives in the manner required by rule 25 (subd. [a], par. [1]) of the Federal Buies of Civil Procedure, as in effect in Alaska in 1954. The claim is disallowed.