### Frick-Reid Supply Company, Appellee, v. Consolidated Adjustment Company, Appellant.

### Gen. No. 21,350.

1. JUDGMENT, § 672*—*when transcript of judgment insufficient to show jurisdiction in an action in foreign State.* In an action in Illinois on a judgment rendered against an Illinois corporation in a foreign State, it is error to admit in evidence a transcript of such judgment, where it not only does not show either directly or by implication that defendant was transacting business in such foreign State, but the petition in the action in such State alleges defendant to be an Illinois corporation having its principal office and place of business in Illinois and maintaining no office or place

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of business in the foreign State nor complying with the laws of the latter as to foreign corporations doing business therein.

2. CORPORATIONS, § 707*—*when recital in sheriff's return insufficient to show jurisdiction.* In an action in Illinois against a domestic corporation on a judgment rendered against such corporation in a foreign State, the recital in the sheriff's return in the latter action that he summoned defendant, "a foreign corporation, by delivering to * * * personally, Secretary of State," of such foreign State, a copy of the summons, is insufficient to show that defendant was doing business in the foreign State.

Appeal from the County Court of Cook county; the Hon. J. E. HILLSKOTTER, Judge, presiding. Heard in this court at the March term, 1915. Reversed. Opinion filed January 3, 1916.

DELAVAN B. COLE, for appellant.

VOSE & PAGE, for appellee; SAMUEL H. GILBERT, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

By this appeal is brought in review the record in an action of debt, brought by plaintiff in the County Court of Cook county to recover on a judgment rendered against defendant in the District Court of Washington county, Oklahoma. Upon trial by the court plaintiff's damages were assessed at $914.46, and judgment thereon was entered.

In its declaration plaintiff averred that defendant was a corporation, organized and existing under and by virtue of the laws of the State of Illinois, and that in September, 1910, in the District Court of the county of Washington, in the State of Oklahoma, "the same being a court of general jurisdiction duly created and organized under the laws of said State," plaintiff recovered against the defendant the sum of $698.37 with interest, and costs, "as by the record thereof remaining in the same court more fully appears, a transcript

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of which record is filed herewith, which said judgment still remains in full force.'' To this declaration defendant filed a special plea asserting that the Oklahoma court was without power to render judgment because defendant was a corporation of Illinois, maintaining its office in Chicago; that it was not served with process and had never appeared in said action, nor did any one with authority ever appear for it; that it had no knowledge of said judgment until long after the date thereof; that it had never been authorized to transact business in Oklahoma and never had an office or agency there; that it was not engaged in the transaction of business in Oklahoma, and had never rendered itself amenable to the laws of said State as a foreign corporation doing business therein.

It is not claimed by plaintiff that defendant was served with process in Oklahoma by summons or by any method known to the laws of Illinois.

Upon the trial in the Illinois court plaintiff offered a certified transcript of the record of the Oklahoma judgment. Defendant objected to this on the ground that it showed upon its face that defendant was not a citizen of the State of Oklahoma but was a foreign corporation at the time of the commencement of the action in that State, and that it did not affirmatively show that defendant was transacting business in that State at or prior to the time the suit was brought, and that it did not show facts sufficient to confer jurisdiction on the Oklahoma court. The court admitted the transcript in evidence subject to objection, to which the defendant excepted. Thereafter defendant moved to strike the transcript from the record. The court overruled said motion and the defendant excepted, and this action of the court is assigned for error here.

We hold that the trial court was in error in its rulings upon the transcript of judgment. It does not show upon its face either directly or by implication that the defendant was transacting business in the

State of Oklahoma. The petition filed in the Oklahoma court alleges that the defendant is a corporation organized under the laws of the State of Illinois, with its principal office and place of business in Chicago, and that it maintains no office or place of business in the State of Oklahoma and never has maintained such an office, and has not complied with the laws of the State of Oklahoma relating to foreign corporations doing business in that State. Such allegations did not amount to an averment that the defendant was transacting business in Oklahoma.

In *Henning v. Planters' Ins. Co.,* 28 Fed. 440, the allegations of the declaration and the transcript of the judgment were similar to those in the instant case, and the court there said:

"It is a general rule that a special jurisdictional fact outside the ordinary and intrinsic situation of the thing shall be specially averred in pleading, and certainly that which is contrary to the ordinary course of things should be averred, to give the court knowledge of the fact."

In *St. Clair v. Cox,* 106 U. S. 350, the court speaking through Mr. Justice Field, said:

"It is sufficient to observe that we are of the opinion that when service is made within the State upon an agent of a foreign corporation, it is essential, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record, either in the application for the writ, or accompanying its service, or in the pleadings or the finding of the court, that the corporation was engaged in business in the State."

In *Hazeltine v. Mississippi Valley Fire Ins. Co.,* 55 Fed. 743, the transcript did not affirmatively show the jurisdictional fact that the defendant was "transacting business" in the State, and it was held that the provision of the statute by which substituted service is authorized to be made upon an insurance commis-

sioner can only be supported in case the defendant "is at the time of the suit, or had previously been, 'doing business' in the State."

The recital in the sheriff's return that he summoned the defendant, "a foreign corporation, by delivering to Bill Cross, personally, Secretary of State, of the State of Oklahoma," a true and certified copy of the summons, is not sufficient to establish the fact that the defendant was transacting business in the State of Oklahoma. In *St. Clair v. Cox, supra,* it is said: "The certificate of the sheriff, in the absence of this fact in the record, was insufficient to give the court jurisdiction to render a personal judgment against the foreign corporation. The record was, therefore, properly excluded." And in the *Henning* case, *supra,* is very pertinent language, as follows:

"The sheriff may choose to serve anybody as agent; and wherever the suit be brought he could assume that any convenient person was 'agent'; and if that simple return imports that the foreign corporation was 'doing business' within the State, and that the person served was a proper 'agent' to represent it the whole jurisdiction would depend upon what may be a fallacious inference; for, in the nature of the thing, it does not essentially import that fact."

In *Cunningham v. Spokane Hydraulic Co.,* 18 Wash. 524, the court held that the judgment roll itself must affirmatively show jurisdiction in this class of cases; and in Black on Judgments, vol. 2, sec. 910, the matter is summed up as follows:

"It is a well established rule of interstate or international law that the courts of another State will not receive, as evidence of a foreign judgment, in a suit brought upon it, any record thereof which does not show on its face that the defendant, if a foreign corporation, was doing business in that State. This is a substantive jurisdictional averment that must affirmatively appear, and not be left to any inference from the bare return of the officer that he has served an 'agent' of the company."

We concede the contention of plaintiff that whatever is included in or necessarily implied from express allegations need not be otherwise averred, but as we have indicated above there is no language in the declaration or transcript from which it may be implied that defendant was doing business in Oklahoma. The transcript of the record covering the judgment of the Oklahoma court failing to show affirmatively any jurisdictional facts, except that what is shown rather tends to negative jurisdiction of the defendant by the Oklahoma court, the objection to its jurisdiction as evidence should have been sustained, and it was error for the trial court to deny the motion of defendant to strike it from the evidence. The transcript being stricken there would remain no case for the plaintiff.

Other points have been raised and discussed, but in view of our holding as above we do not think it necessary to comment upon them.

Without a sufficient transcript of the record plaintiff cannot recover; hence the judgment below is reversed and judgment of *nil capiat* will be entered here.

*Reversed.*