## Robert L. Sartain, Appellant, v. Avery Company, Appellee.

### Gen. No. 6,705.

1. JUDGMENT, § 658*—*power to inquire into jurisdiction of foreign courts.* The full faith and credit clause of the federal constitution does not prevent the courts of Illinois from ascertaining, in actions therein on judgments rendered in sister States, whether the courts rendering such judgments had jurisdiction of the subject-matter or the parties.

2. CORPORATIONS, § 746*—*how jurisdiction over foreign acquired.* To give a court jurisdiction *in personam* over a foreign corporation, it must appear that the corporation was carrying on business in the State where process was served on its agent, that the business was transacted or managed by some agent or officer authorized by or representing the corporation in such State and that some local law exists making such corporation amenable to suit there as a condition, express or implied, of doing business in the State.

3. CORPORATIONS, § 745*—*what necessary to render foreign corporation amenable to service.* To render a corporation amenable to service of process in a foreign jurisdiction, it must appear that the corporation is transacting business in that district to such an extent as to subject it to the jurisdiction and laws thereof.

4. JUDGMENT, § 658*—*when jurisdiction may be questioned in action on foreign.* Where a foreign corporation defendant challenges the court's jurisdiction on the grounds that the person served as "service agent" for it was not and never had been its agent and that it was not and never had been doing business in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

State, and no action is taken upon such plea to the jurisdiction but, after it was filed, judgment was taken by default against such defendant, which judgment does not, by its recital, find adversely to defendant on the jurisdictional questions but ignores the service on such agent and does not find that defendant was doing business in the State or that its plea to the jurisdiction was a general appearance conferring jurisdiction, but only that the service of summons upon the Secretary of State was regular and that by such service the court had jurisdiction, the foreign corporation defendant is not estopped to question the jurisdiction of the court rendering the judgment in an action on the judgment in another State.

5.   JUDGMENT, § 660*—*when demurrer to replication properly sustained in action on foreign.*  Where, in an action in Illinois against an Illinois corporation on a judgment recovered against it in Oklahoma, defendant's plea alleged that it was not and never had been doing business in Oklahoma and this allegation is not met by anything contained in the replication, a demurrer is properly sustained to the replication.

Appeal from the Circuit Court of Peoria county; the Hon. C. V. MILES, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 9, 1920.

TICHENOR, TODD, WILSON & BARNETT, for appellant.

BURTON & HAMILTON, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Robert L. Sartain, the appellant, brought suit against the Avery Company, appellee, in the circuit court of Peoria county in an action of debt based upon a judgment recovered against appellee in the superior court of Okmulgee county, Oklahoma. The appellee filed a plea to the declaration. A demurrer was sustained to the plea and an amended plea was filed alleging that the superior court of Okmulgee county, Oklahoma, had no jurisdiction over it; that appellee was an Illinois corporation; that it had never been served with process and had never entered its appearance in the suit in which the judgment was rendered except specially and for the sole purpose of challenging the juris-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

diction of the court; that it never had an officer or agent in Oklahoma and that it never did any business in that State and that therefore the judgment was a nullity.

To this plea the appellant filed a replication in which it set up the statute of Oklahoma with reference to the service of process upon foreign corporations doing business in that State, the statute providing that where such corporations have not complied with the laws of the State, service may be had by service of process upon the Secretary of State. The replication also set up the proceedings had in the case which show that in the suit in which the judgment in question was obtained service was had upon the Secretary of State. It also set up appellee's special plea to the jurisdiction and set up in full the judgment of the Oklahoma court. The replication set up that the judgment still remained in full force and that it is the law of Oklahoma that a fact or question which was actually and directly in issue in a former suit and was there judicially passed upon and determined is conclusively settled by the judgment therein and cannot again be litigated in any further action between such parties or their privies.

To this replication appellee filed a demurrer, which appellant asked to have carried back to the amended plea. The court held the amended plea to be good, refused to carry the demurrer back to it and sustained the demurrer to the replication. Appellant elected to stand by his replication and motion to carry demurrer back to plea and thereupon a judgment of *nil capiat* and for costs was entered in favor of appellee against appellant, from which judgment appellant has appealed.

It is contended by appellant that the record of the judgment showing full and complete jurisdiction in the Oklahoma court to render the same, full faith and credit must be given it in this State by reason of the provisions of the federal constitution.

In *Pembleton v. Illinois Commercial Men's Ass'n,* 289 Ill. 99, it was said: "It appears to be suggested that the provision of the federal constitution requiring that full faith and credit shall be given in each State to the judicial proceedings of every other State, and the act of Congress passed in pursuance thereof, prevent an inquiry into the jurisdiction of the court by which the judgment offered in evidence was rendered. It has been held by the federal courts that the record of a judgment rendered in another State may be contradicted as to the facts necessary to give the court jurisdiction, and, if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist; that want of jurisdiction may be shown either as to the subject-matter or the person. (*Thompson v. Whitman,* 18 Wall. [U. S.] 457; *Simmons v. Saul,* 138 U. S. 439; *National Exch. Bank v. Wiley,* 195 U. S. 257.) This court has laid down a similar rule that the courts of this State may inquire into the proceedings, judgments or decrees of a sister State to determine whether the court had jurisdiction of the subject-matter or the parties. *Field v. Field,* 215 Ill. 496; *Forsyth v. Barnes,* 228 Ill. 326. It has also been settled by the federal decisions that three conditions are necessary to give a court jurisdiction *in personam* over a foreign corporation: First, it must appear that the corporation was carrying on its business in the State where process was served on its agent; second, that the business was transacted or managed by some agent or officer appointed by or representing the corporation in such State; third, the existence of some local law making such corporation amenable to suit there as a condition, express or implied, of doing business in the State. (21 R. C. L. 1340; *Connecticut Mut. Life Ins. Co. v. Sprat-*

*ley*, 172 U. S. 602; *Armstrong Co. v. New York Cent. & H. River R. Co.*, [Minn.] Ann. Cas. 1916E 335.) "It is also established that in order to render a corporation amenable to service of process in a foreign jurisdiction it must appear that the corporation is transacting business in that district to such an extent as to subject it to the jurisdiction and laws thereof. *St. Clair v. Cox*, 106 U. S. 350; *Commercial Mut. Acc. Co. v. Davis*, 213 U. S. 245, and cases there cited."

It is contended by appellant that the plea filed in the Oklahoma case challenging the jurisdiction constituted a general appearance and that the Oklahoma court having found adversely to appellee thereon that appellee is estopped by verdict from again raising the question of the jurisdiction of the Oklahoma court.

Appellee's plea in the Oklahoma court challenged the jurisdiction upon two grounds: First, that James S. Gladish upon whom the sheriff had served the summons as "service agent for the Avery Company" was not and never had been an agent of the Avery Company; and second, that the Avery Company was not and never had been doing business in the State of Oklahoma. It appears from the replication to which demurrer was sustained that no action was ever taken by the Oklahoma court upon this plea, but 3 days after the filing of the plea, judgment was taken by default against appellee. The record of the judgment set up in the replication so far as it is here material is as follows: "Now on this 18th day of July, 1918, this cause came on for hearing upon the application of the plaintiff for a default against the defendant, the Avery Company, and it appearing to the court that summons in this action has been served upon the Honorable J. L. Lyon, Secretary of State, for the State of Oklahoma, and the court finding from the admissions here-

tofore made and entered in this case by the defendant, the Avery Company, that said Avery Company is a foreign corporation and has not complied with the law as to foreign corporations, and has never appointed any person as its agent, in the State of Oklahoma, upon whom process of summons might be served, and the court finding that said service of summons upon the Secretary of State of Oklahoma is regular, and that by such service this court has jurisdiction over the parties to this action and the subject-matter thereof, and that the said Avery Company is in default for answer or demurrer to the amended petition herein, and has been three times called to come into court and to answer or demur to said amended petition, came not and made default." The court does not by its recital in the judgment find adversely to appellee. It ignores the service of process upon Gladish and does not find that appellee was doing business in Oklahoma. It does not find that appellee's plea was a general appearance and that by reason thereof the court had jurisdiction but does find "that said service of summons upon the Secretary of State of Oklahoma is regular, and that by *such service* this court has jurisdiction over the parties to this action and the subject-matter thereof."

The plea alleged that appellee was not and never had been doing business in Oklahoma and this allegation was not met by anything contained in the replication. This allegation was a material allegation. In *Pembleton v. Illinois Commercial Men's Ass'n, supra,* it was said: "It has been repeatedly held that in order to make such a statute applicable to a foreign corporation in any State, it must be shown that such corporation was doing business in that State. *Old Wayne Mut. Life Ass'n v. McDonough,* 204 U. S. 8; *Frawley v. Pennsylvania Casualty Co.,* 124 Fed. 259; *Commercial Mut. Acc. Co. v. Davis, supra,* and cases there cited."

The action of the court in refusing to carry the demurrer back to the plea and in sustaining the demurrer to the replication was proper. The judgment of the circuit court will be affirmed.

*Affirmed.*