## BALDWIN v. IOWA STATE TRAVELING MEN'S ASS'N.

### No. 8707.

Circuit Court of Appeals, Eighth Circuit.
March 29, 1930.

Rehearing Denied June 11, 1930.

Denton Dunn, of Kansas City, Mo. (C. W. Prince, James N. Beery, and Clyde J. Linde, all of Kansas City, Mo., and F. W. Lehmann, Jr., of Des Moines, Iowa, on the brief), for appellant.

J. M. Parsons, of Des Moines, Iowa (Earl C. Mills, of Des Moines, Iowa, on the brief), for appellee.

Before STONE and BOOTH, Circuit Judges.

STONE, Circuit Judge.

Appellant filed a suit on a judgment in the District Court for the Southern District of Iowa. The defense to this suit was lack of jurisdiction over the person in the court wherein the judgment was entered. After full hearing, the court sustained this defense and dismissed the suit. From such judgment of dismissal, this appeal is brought.

The original suit was brought in a state court in Missouri, and afterwards removed to the United States District Court for the Western District of Missouri. Appellee specially appeared with a motion to quash and dismiss for lack of service. The court sustained the motion to quash but denied dismissal. Some months thereafter appellee specially appeared with a motion setting forth that no further steps had been taken to obtain service, and moved to dismiss the case for lack of service. Before this motion was passed upon, an alias summons was served on Dr. O. C. Sheley, of Independence, Mo., as being an agent of appellee, and shortly thereafter the above motion to dismiss was denied. Thereafter appellee again appeared, specially praying that this last service be quashed and the cause dismissed for want of jurisdiction of the person. Affidavits were introduced on both sides of the motion, and thereafter the court overruled the motion, sustaining the service. Appellee appeared

no further, and subsequently proof was made and judgment entered.

The first contention is that this judgment cannot be collaterally attacked under the full faith and credit clause of the Constitution. This position is not well taken under National Exchange Bank v. Wiley, 195 U. S. 257, 25 S. Ct. 70, 49 L. Ed. 184, and Haddock v. Haddock, 201 U. S. 562, 573, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1. It is a matter of no consequence that such service would have been good under the decisions of the state of Missouri, which hold that the overruling of an attack upon the jurisdiction of the person, even though under special appearance, gives jurisdiction. Such is not the rule in the federal courts, and they do not follow the state courts in that regard. Of course, if the judgment had been recovered in a state court of Missouri, the situation might be different (Bank of Jasper v. First National Bank, 258 U. S. 112, 117, 42 S. Ct. 202, 66 L. Ed. 490), but here the service and the recovery were in a United States court.

Appellant contends that the filing of the motion to dismiss after the first service had been quashed, and upon the ground that no further service had been made, constituted a general appearance because it amounted to a motion to dismiss for failure to prosecute. The effect and purpose of the motion was to secure a dismissal for failure to prosecute, but that failure relied upon related solely to service. It has been decided by the Supreme Court that a motion to quash service *and dismiss*, where made upon special appearance for that purpose, is a special attack upon the jurisdiction (see above citations). If a motion to dismiss in such connection is not a general appearance, we do not see why the motion to dismiss here solely *upon the ground of lack of service, where made on special appearance*, should be regarded differently. Good practice demands otherwise. If this were not so, a suit might be filed where there was no chance of service and there would be no protection therefrom, although such suit might be pending for years and might injuriously affect the credit and standing of a defendant. It is always within the power of the court to sustain or deny the motion, as justice may demand, and thus protect the rights of both parties without a sacrifice of either, while to construe such a motion into a general appearance would deprive the defendant of the right to be relieved from the burden and ill effect of pending suits where there was no opportunity to or, possibly, no effort made to secure service. Also see Mil-

ler v. Minerals Separation Ltd. (D. C. Cal.) 275 F. 380, 383.

The final contention is that the service upon Dr. Sheley was sufficient. The solution of such question ordinarily would depend upon matters of fact as to whether the appellee was doing business in the state of Missouri, at the time of such service, and whether Dr. Sheley was the kind of an agent upon whom a valid service could be made. However, the facts concerning each of these questions appear without dispute in the record, each of these questions becomes here a question of law. The facts as shown by the record are that the appellee had but one place of business, which was at Des Moines, Iowa; that it had no agents who solicited business, but carried on such solicitation entirely by correspondence from its office, and, occasionally, its members would be asked to secure policies which they would do or not, as they saw fit, and without pay. All losses were adjusted and determined at the office in Des Moines and settlements made by checks mailed therefrom. When a claim under a policy was received by the office, the procedure was to have some nearby physician make a physical examination of the claimant and procure his statement as to the cause and nature of the accident upon which the claim was founded. These were forwarded by the physician to the office, and he was paid for the particular service. No discretion of any character nor any disposition of the claim was in such physician. He was merely the medium to procure information. The physicians were not employed upon any salaries, and there was no obligation or contract between appellee and such physicians. The employment was entirely as to each separate service. Under the above facts it is clear that appellee was not doing business in the state of Missouri at the time of the service, nor was Dr. Sheley the character of agent upon whom service could be made. There are a great number of decisions to this effect, such as Minnesota Commercial Men's Association v. Benn, 261 U. S. 140, 43 S. Ct. 293, 67 L. Ed. 573; Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 S. Ct. 308, 43 L. Ed. 569; St. Clair v. Cox, 106 U. S. 350, 18 S. Ct. 354, 27 L. Ed. 222. Among later cases in which there is extended discussion and citation of United States and federal cases are Rausch v. Commercial Travelers' Mutual Accident Association of America, 38 F.(2d) 766 (decided by this court, January 30, 1930); Frink Co. v. Erikson, 20 F.(2d) 707 (C. C. A. 1); Compagnie du Port, etc., v. Mead Morrison Mfg. Co., 19 F.(2d) 163

(D. C. Me.); Brown v. T. & P. Ry. Co., 18 F.(2d) 677 (D. C. La.) and Chatters v. L. & N. R. R. Co., 17 F.(2d) 305 (D. C. La.).

Appellant contends that, where the question of jurisdiction has been raised and determined in the court wherein the judgment, upon which suit is brought, was entered, there can be no examination of that matter in any other court. This contention is not well founded. St. Clair v. Cox, 106 U. S. 350, 359, 1 S. Ct. 354, 27 L. Ed. 222, and Compagnie du Port, etc., v. Mead Morrison Mfg. Co. (D. C.) 19 F.(2d) 163, at page 165.

The judgment should be, and is, affirmed.