### SERPELL–WINNER–JORDAN, Inc., v. CRETE MILLS.

#### No. 9063.

Circuit Court of Appeals, Eighth Circuit.

July 30, 1931.

Claude S. Wilson, of Lincoln, Neb. (Roy F. Gilkeson and Hyman Rosenberg, both of Lincoln, Neb., on the brief), for appellant.

Don W. Stewart, of Lincoln, Neb. (Stewart, Stewart & Whitworth, of Lincoln, Neb., on the brief), for appellee.

Before STONE and GARDNER, Circuit Judges, and MARTINEAU, District Judge.

GARDNER, Circuit Judge.

The appellant, as plaintiff in the court below, brought action to recover upon a judgment secured by it against the defendant in the circuit court of the city of Norfolk, Va., which was a court of general and original jurisdiction. The defendant is a corporation organized under the laws of the state of Nebraska. Service of process upon defendant in the state of Virginia was had by serving an agent of the defendant, described in the return of the officer making the service as "Eastern Sales Manager and Agent, of the said The Crete Mills, a corporation." The Crete Mills, in response to the attempt to so serve it in the state of Virginia, entered a special appearance and moved to quash the

service of the writ, and objected to the jurisdiction of the court. Its motion being overruled, it answered, reciting in its answer that, "without waiving pleas heretofore filed to the jurisdiction of the court, but insisting most strenuously upon same, files this its plea," etc.

The defense was limited to defensive matter proper, no affirmative relief being demanded by the defendant. On trial of the merits of the action, plaintiff recovered judgment, and the judgment so recovered is the basis of the present action.

In answer to plaintiff's petition filed in the lower court, pleading this Virginia judgment, defendant denied that any summons had ever been served upon it in that action, and alleged that it was not, at the time of the commencement or pendency of the action in Virginia, doing business in that state, and that the judgment sued on was entered without jurisdiction over the defendant, in violation of section 1 of Amendment 14 of the Constitution of the United States.

The action was tried to the court without a jury, on stipulation of the parties. The lower court held that the defendant, at the time of the attempted service of process upon it in the state of Virginia, was not doing business in that state in such a sense as made it subject to service of process in a civil suit brought therein, and hence it was not bound by the judgment, and accordingly entered a judgment in favor of the defendant, dismissing plaintiff's petition.

The Virginia court was one of general jurisdiction, and was not inherently lacking in jurisdiction or authority to determine the issues involved. Its jurisdiction, however, was dependent upon the existence or non-existence of certain facts, and not dependent upon a question of law. When the defendant entered its special appearance in the Virginia court, it challenged the jurisdiction of that court on the ground that it was not doing business in that state in such a sense as to subject it to service of process therein. This presented a mixed issue of law and fact. The Virginia court had judicial power to hear and determine the question of its own jurisdiction, and the defendant had its day in court on that question, and the court's decision was as effective and conclusive as its decision on any other matter within its jurisdiction. Its jurisdiction was dependent upon a fact which, on the special appearance of the defendant, it was required to ascertain. It determined that fact, and its determination was not appealed from and has never been set aside or reversed by a direct proceeding. It is well settled that, where a question proper for judicial determination is directly put in issue and finally determined by a court having authority and jurisdiction to hear and determine the question, such determination will be deemed final and conclusive in all future litigation between the parties in which the same question arises, so long as the judgment remains unreversed.

In Baldwin v. Iowa State Traveling Men's Ass'n, 283 U. S. 522, 51 S. Ct. 517, 75 L. Ed. 1244, the precise question here involved was before the Supreme Court. In an opinion by Mr. Justice Roberts, it is there said:

"The substantial matter for determination is whether the judgment amounts to res judicata on the question of the jurisdiction of the court which rendered it over the person of the respondent. It is of no moment that the appearance was a special one expressly saving any submission to such jurisdiction. That fact would be important upon appeal from the judgment, and would save the question of the propriety of the court's decision on the matter, even though, after the motion had been overruled, the respondent had proceeded, subject to a reserved objection and exception, to a trial on the merits. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; Goldey v. Morning News, 156 U. S. 518, 39 L. Ed. 517, 15 S. Ct. 559; Toledo R. & Light Co. v. Hill, 244 U. S. 49, 61 L. Ed. 982, 37 S. Ct. 591; Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229, 62 L. Ed. 260, L. R. A. 1918C, 497, 38 S. Ct. 65, Ann. Cas. 1918B, 461; Morris & Co. v. Skandinavia Ins. Co., 279 U. S. 405, 73 L. Ed. 762, 49 S. Ct. 360. The special appearance gives point to the fact that the respondent entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. It had the election not to appear at all. If, in the absence of appearance, the court had proceeded to judgment, and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction. Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Hart v. Sansom, 110 U. S. 151, 28 L. Ed. 101, 3 S. Ct. 586; Wetmore v. Karrick, 205 U. S. 141, 51 L. Ed. 745, 27 S. Ct. 434; Bigelow v. Old Dominion Copper Min. & Smelting Co., 225 U. S. 111, 56 L. Ed. 1009, 32 S. Ct. 641, Ann. Cas. 1913E, 875; McDonald v. Mabee, 243 U. S. 90, 61 L. Ed.

608, L. R. A. 1917F, 458, 37 S. Ct. 343. It had also the right to appeal from the decision of the Missouri District Court, as is shown by Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, supra, and the other authorities cited. It elected to follow neither of those courses, but, after having been defeated upon full hearing in its contention as to jurisdiction, it took no further steps, and the judgment in question resulted.

"Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause."

This decision, which reversed a prior decision of this court (40 F.(2d) 357), we think conclusive of the present issue. The lower court doubtless based its decision upon the holding of this court in Baldwin v. Iowa State Traveling Men's Ass'n, 40 F.(2d) 357.

The judgment of the lower court is, therefore, reversed, and the cause remanded for further proceedings consistent herewith.