Cascade Chemical Coatings, Inc., Plaintiff-Appellee, v. Wellco Chemi-
cal Products Co., Defendant-Appellant.

(No. 57995;

First District (2nd Division)—December 4, 1973.

Mintz, Raskin & Lewis, of Chicago (Peter N. Apostal, of counsel),
for appellant.

Bell, Boyd, Lloyd, Haddad & Burns, of Chicago (John P. Scotellaro,
of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the
court:

Defendant appeals from a summary judgment entered in favor of
plaintiff in an action to enforce a foreign judgment. The issue presented
for our decision is whether the filing of a special appearance in a for-
eign court prevents collateral attack of the jurisdictional basis of a
judgment entered therein where it appears that the jurisdictional issue
was decided by the foreign court.

The facts of this case are undisputed. Plaintiff initiated an action against defendant in the Circuit Court of Multnomah County in the State of Oregon. Defendant was served with summons and a copy of the complaint in Cook County in the State of Illinois. Defendant filed a special appearance in the Oregon court "for the sole purpose of questioning the jurisdiction of the court over its person" and made a motion to quash the return of service of summons. A hearing on defendant's motion was held at which defendant was represented by counsel. Defendant presented no evidence in support of its motion at the hearing. The Oregon court thereafter denied the motion to quash the return of service and granted defendant 10 days in which to plead in response to plaintiff's complaint. Defendant did not further plead and a default judgment was entered against it.

Thereafter plaintiff filed a petition in the Circuit Court of Cook County to register the Oregon judgment. Defendant filed an answer denying that the Oregon court had jurisdiction to enter judgment against it. Plaintiff filed a motion for summary judgment on the ground that the issue of jurisdiction had been decided by the Oregon court and, therefore, that decision was entitled to full faith and credit. The Circuit Court of Cook County granted plaintiff's motion and entered judgment for plaintiff based upon the Oregon judgment.

Defendant contends that its filing of a special appearance in the Oregon court does not prevent it from collaterally attacking the judgment entered therein.

■■ When a court of one state is requested to give effect to the judgment of a sister state it may constitutionally inquire into the foreign court's jurisdiction to render that judgment, but, when that inquiry discloses that the issue of jurisdiction has been litigated and decided in the court which rendered the judgment, the matter is res judicata and the court wherein enforcement is sought must extend full faith and credit to the judgment. *Durfee v. Duke*, 375 U.S. 106, 11 L.Ed.2d 186, 84 S.Ct. 242; *Baldwin v. Iowa State Travelling Men's Ass'n*, 283 U.S. 522, 5 L.Ed. 1244; *Wayside Transportation Co. v. Marcell's Motor Express, Inc.*, 284 F.2d 868; *Serpell-Winner-Jordan, Inc. v. Crete Mills*, 51 F.2d 1028.

Defendant concedes that its special appearance in the Oregon court placed the question of that court's jurisdiction in issue. Defendant also concedes that if the Oregon court ruled on the question of jurisdiction, defendant could not collaterally attack that determination. Defendant maintains, however, that no evidence was presented on its motion to quash service of summons, and that the Oregon court denied the motion without making an explicit finding that defendant transacted business in the State of Oregon. Defendant further contends that the default judg-

ment order does not reflect an affirmative finding by the Oregon court that defendant transacted business in Oregon, and was therefore subject to the in personam jurisdiction of the Oregon court.

Initially, we recognize the well-established principle that, as evidence of a foreign judgment, the transcript of record covering that judgment must show affirmative jurisdictional facts. *Frick-Reid Supply Co. v. Consolidated Adjustment Co.*, 197 Ill.App. 303.

Defendant places great reliance on *Sartain v. Avery*, 217 Ill.App. 286, for the proposition that the judgment order itself must explicitly state that the requirements subjecting a foreign corporation to jurisdiction have been established. We do not agree with this limited interpretation.

*Sartain* involved an Oklahoma judgment which plaintiff attempted to enforce in Illinois. Defendant filed a plea in the Illinois proceedings stating that defendant had not done business in the State of Oklahoma, and was not subject to its jurisdiction. Plaintiff's replication was based on the record of proceedings in Oklahoma which included the service of process upon an alleged agent of defendant, defendant's special appearance in Oklahoma, and the judgment order of the Oklahoma court. The record indicated that the Oklahoma court took no action on defendant's special appearance, and three days later entered a default judgment against defendant. The court in *Sartain* held that defendant's plea was not met by "anything" in plaintiff's replication showing that the Oklahoma court had found that defendant transacted business in Oklahoma; consequently, the Oklahoma judgment was not entitled to full faith and credit.

The case at bar is not analogous to the *Sartain* situation. Counsel for defendant has conceded that plaintiff's complaint filed in the Oregon proceedings alleged that defendant transacted business in Oregon. In the absence of a showing to the contrary, there arose a presumption of jurisdiction of both the person and the subject matter.[1] (See *In re Estate of Oelerich*, 31 Ill.App.2d 457, 176 N.E.2d 549.) The in personam jurisdiction over defendant became a disputed issue when defendant filed its special appearance and motion to quash service (based solely on defendant's contention that it did not transact business in Oregon).[2] The Oregon court set a date for a hearing on the issue raised by defendant's

---

[1] Ore. Rev. Stat. 1971, ch. 15, par. 15.030: "From time of the service of summons, or the allowance of a provisional remedy, the court shall be deemed to have acquired jurisdiction, and to have control of all subsequent proceedings * * *."

[2] Ore. Rev. Stat. 1971, ch. 16, par. 16.150 states: "If a motion or other form of application on special appearance is interposed and denied, the objection shall not be waived by the subsequent entering of a general apearance; and the court's ruling thereon should be subject to review on appeal from the final judgment, decree or other determinative appealable order in the cause or matter."

motion, and, although no evidence was presented at that hearing, counsel for both plaintiff and defendant were present. The Oregon court then decided the issue of jurisdiction adversely to defendant by denying its motion to quash service of summons. It is true, as defendant points out, that the order denying the motion to quash made no finding that defendant transacted business in the State of Oregon. The reason is clear from the wording of the order: The motion was denied not on a substantive basis, but on a procedural basis. It was, in effect, a default denial. The court assumed that defendant had at least the initial burden of procedure on its own motion to quash; for failure to sustain that burden, the motion was denied. Even if one assumes that the court's assumption as to the incidence of the initial burden of procedure on the motion to quash was error, defendant had committed itself to Oregon jurisdiction, and its only remedy was to appeal.[3] Moreover, the statutory presumption of jurisdiction continued to exist.[4]

■■ Thus, the record before us indicates that defendant raised the jurisdictional issue in Oregon, and, unlike the situation in *Sartain*, defendant was given an opportunity to fully litigate that issue before the matter was decided by the Oregon court; his special appearance was not simply ignored. Therefore, the jurisdictional issue is res judicata.

The judgment of the Circuit Court of Cook County, extending full faith and credit to the Oregon judgment, is affirmed.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.

---

[3] There is some indication that, under Oregon law, it was not error. See Oregon Civil Pleading and Practice, Secs. 15.5, 22.12, and 2.15.

[4] See statute cited in footnote 1.