No. 12642

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

RICHARD P. SHERIDAN, MARILYN L. SHERIDAN, et al.,

Plaintiffs and Respondents,

-vs-

A. E. MARTINSEN and BETTIE H. MARTINSEN,

Defendants and Appellants.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellants:

Garlington, Lohn and Robinson, Missoula, Montana
George Goodrich argued, Missoula, Montana

For Respondents:

Skelton and Knight, Missoula, Montana
Robert P. Skelton appeared and Robert M. Knight
argued, Missoula, Montana

---

Submitted: May 21, 1974

Decided: JUL - 8 1974

Filed: JUL - 8 1974

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a judgment adopting a previous order granting a permanent injunction. The action was brought by a group of lot owners in a subdivision covered by restrictive covenants against an owner of two lots in the same subdivision. Defendants had purchased their lots in an effort to gain access to adjoining property. The action was tried by the district court in Missoula County.

In the order granting the permanent injunction dated October 18, 1972, the district court found:

"* * *that Pattee Canyon Estates was platted as a subdivision and that the plat was accepted and approved by the County Commissioners of Missoula County, Montana on the 18th day of January, 1968; thereafter the parties to this action purchased lots in the subdivision. There are a total of eleven (11) lots in the subdivision, and each lot will average about three (3) acres. The lots in Pattee Canyon Estates are all entered from two roads that terminate within the exterior boundaries of the subdivision so that ideally the only motor vehicle traffic within the subdivision will be directly related to the dwellings located in the area.

"The Defendants purchased two of the lots for the primary purpose of constructing a road across the lots to provide access to lands outside the boundaries of the subdivision, and which lands the Defendants intend to develop for residential purposes.

"* * * the Defendants use of the lots to construct a road to provide access to adjoining property violates the 'spirit' of the subdivision in that it destroys the secluded environment assured to purchasers of the lots. * * * the construction of the road violates the specific terms of the restrictions imposed upon the lots by virtue of the declaration of restrictive covenants accompanying the plat.

" * * * the Defendants are permanently enjoined from using Lots 9 or 10 of Pattee Canyon Estates for the purpose of providing road access to adjoining property outside the boundaries of Pattee Canyon Estates. * * *"

Appeal was taken from the October 18, 1972 order but never perfected. However, later, on February 8, 1973, new counsel for defendants appeared in the case by motion under Rule 60(b)(5), M.R.Civ.P., on the grounds that since the order of October 18, 1972, defendants had purchased an easement for road purposes which easement predated the subdivision and the restrictive covenants.

On March 13, 1973 plaintiffs filed a motion to quash. Hearing was had on March 28, 1973. The court granted time for briefs.

On that same day, March 28, defendants filed a second or supplemental motion under Rule 60(b)(5), M.R.Civ.P., alleging the October 18, 1972 order granting permanent injunction was void in that on August 11, 1972, prior to the injunction order, the Missoula county commissioners acting on recommendations of the planning and zoning commission had accepted defendants' proposed road alignment and plaintiffs had not appealed that decision.

Again, plaintiffs moved to quash. This second series of motions were heard on July 5, 1973. Argument of counsel on this hearing was directed to the issue of whether the matters presented by the Rule 60(b) motions had been previously presented, considered and adjudicated during the course of the original trial on the issue of whether the construction of defendants' roadway violated certain restrictive covenants. At the conclusion of the argument, the court stated:

> "Well, if I can say this, Mr. Goodrich, I heard the case originally. The decision was based upon the fact that there is a restrictive covenant on this land. I feel that in our system of jurisprudence if a restrictive covenant is going to be removed from land that the landowners who own the land where that covenant is on must have their day in court. The Planning and Zoning Commission, I don't believe, gave them that opportunity, I felt that at the time of the original Court's Judgment. I still feel that, and I don't believe that there is anything new being offered at this time by your motion that either was not considered at the former trial or would serve to set aside the Judgment because of -- I am sure that you cannot show that the parties who owned or had the benefits of this restrictive covenant were advised adequately that the entire purpose of a hearing was to remove that restrictive covenant from the land, and therefore I do not feel that I can properly hear your motion, and I presume what I am doing is granting the Motion to Quash summarily."

On July 19, 1973 the court entered its final judgment denying defendants' motions seeking modification of the permanent injunction and adopting the order granting the permanent injunction as a final judgment.

- 3 -

Defendants Martinsen are husband and wife. Mr. Martinsen is a real estate agent. He purchased 120 acres adjoining the Pattee Canyon Estates with a view to subdividing and selling lots. He had access to it from an existing county road, but the road would be about 3/4 mile, traversing up a hillside. By purchasing two lots in the Pattee Canyon Estates, in spite of his knowledge of the restrictive covenants, he could achieve an easier access to his adjoining property by a 900 foot road. As the trial court found, he bought the restricted lots for the primary purpose of building the road, thus violating the restrictive covenants.

After Martinsen lost the first action, he then went to some former owners and by quit claim deed purchased an easement in this language: "a certain easement for road over and across the westerly boundary of Block Two(2), Southwest Quarter of the Southwest Quarter (SW 1/4 SW 1/4), Section Two (2) * * *." (The description of Block Two comes from a plat of a Little Valley Farms plat previously vacated, but shown to be the same area as Lots 9 and 10 of Pattee Canyon Estates owned by defendants.)

Armed with this quit claim deed for an easement, defendants went back to the district court with the aforedescribed Rule 60(b) motions.

Two issues are presented: First, whether the district court erred in finding that the deeded easement now owned by defendants them the right to maintain the road in question. Second, whether the court erred in failing to give proper consideration and weight to actions of the county commissioners regarding the road.

As to the second issue, the second or supplemental motion under Rule 60(b), M.R.Civ.P., was involved. Defendants had sought to show that the original injunction was void. However, the actions of the zoning authorities were raised as a matter of defense in the original proceeding. While an appeal was filed, it was never perfected. Now, under the guise of a Rule 60(b) motion, defendants attempt to raise the same matter. This may not be done. See: 7 Moore's Federal Practice, §60.26[4]. We shall not develop this

- 4 -

issue further because the record reveals the matter was thoroughly presented at the original trial, albeit perhaps not to counsel's taste.

As to the first issue, defendants had the burden of establishing the existence of an easement, and that the easement authorized the use proposed by defendants. Keep in mind that defendants bought their lots with full knowledge of the restrictive covenants; and only as an afterthought went to the former owners (Carlisles) to get a quit claim deed.

Defendants here emphasize that plaintiffs do not own the land over which the easement, if it exists, passes; therefore, they do not have standing such as would one over whose land an easement would pass. Admittedly, plaintiffs only have their rights under the restrictive covenants in Pattee Canyon Estates. But, by the same token, defendants are bound by those same restrictive covenants. We are here dealing with contract rights. The parties may not violate these rights by way of easements, licenses, or any other manner of other permits or contracts under circumstances such as here. These matters were known to defendants at the original hearing; the additional fact since that hearing being that defendants went out and purchased what amounts to a way or manner to permit them to violate the restrictive covenants. Rule 60(b) motions do not serve to relitigate matters previously determined and we so hold.

The judgment is affirmed.

_Wesley Castles_
Justice

We concur:

_Gen. S. Daly_

_Frank J. Haswell_

_John Conway Harrison_
Justices.

- 5 -

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 12642

RICHARD P. SHERIDAN, MARILYN L.
SHERIDAN, et al,

        Plaintiffs and Respondents,

    v.

A.E. MARTINSEN and BETTIE H.
MARTINSEN,

        Defendants and Appellants.

FILED

JUL 11 1974

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

PER CURIAM:

The opinion in the above entitled cause handed down
on July 8, 1974, is hereby amended on page 4 thereof, line
24, by substituting the words "failed to grant" for the word
"grants" so that the first issue would now read: "First,
whether the district court erred in finding that the deeded
easement now owned by defendants failed to grant them the
right to maintain the road in question."

DATED this 11th day of July, 1974.