IMPERIAL SKYLINER AUTO-WASH SALES
CORPORATION v. RICHARD WHINNERY
AND ANOTHER.

221 N. W. 2d 716.

August 23, 1974—No. 44718.

*Conrad J. Carr,* for appellants.

*Dorsey, Marquart, Windhorst, West & Halladay* and *Douglas D. McFarland,* for respondent.

Heard before Sheran, C. J., and Kelly, Yetka, Scott, and Knutson, JJ., and considered and decided by the court.

YETKA, JUSTICE.

Appeal from a summary judgment for plaintiff entered in the District Court of Hennepin County in an action to enforce an earlier judgment entered in the New York Supreme Court, Erie County. We affirm.

The course of events leading to the instant appeal began in December 1972 at which time plaintiff, a New York corporation, brought suit against defendants in New York Supreme Court, Erie County. The purpose of the New York action was to recover moneys allegedly owing to plaintiff for sales made to defendants pursuant to a wholesale franchise sales contract executed between plaintiff and defendants.

Defendant Richard Whinnery is and was at all times relevant hereto a Minnesota resident. He was personally served, as an individual and as president of defendant Viking Sales Company (Viking), in Minnesota with a summons and complaint in the New York lawsuit on December 27, 1972. In response, defendants filed a motion to dismiss, appending an affidavit in which Whinnery recited facts supporting his contention that the New York court lacked in personam jurisdiction over him or Viking. Thereafter, a hearing on the motion was held, resulting in a denial of defendants' motion. Defendants were not present or represented by counsel at said hearing. However, the record contains a letter

in which defendants consented to their participation at said hearing by affidavit only "[b]ecause of the distance involved."

Defendants made no further efforts to defend and subsequently the New York court entered judgment for plaintiff in the amount of $9,454.89. No appeal was taken from that judgment.

Plaintiff then filed suit in Hennepin County District Court to enforce the New York judgment. Defendants interposed an answer denying the jurisdiction of the New York court. Plaintiff moved for summary judgment. Hearing on the motion was held on July 25, 1973, after which the court ordered judgment for plaintiff in the full amount of the New York judgment, plus interest and costs. The Hennepin County District Court reconsidered this matter upon defendants' motion to set aside the order for summary judgment. The court denied the motion. The accompanying memorandum stated in essence that the question of the New York court's jurisdiction had been litigated in that forum and the proper manner for further challenge was by appeal in the New York courts of the New York order denying defendants' motion to dismiss.

Defendants, in their brief and at oral argument, adamantly contend that the district court erred by not considering whether or not the New York court correctly determined the issue of its jurisdiction. The issue presented in this appeal is whether the question of jurisdiction was *fully and fairly litigated* in the New York proceedings.

Baldwin v. Iowa State Traveling Men's Assn. 283 U. S. 522, 51 S. Ct. 517, 75 L. ed. 1244 (1931), established the principle that when a defendant in a Federal court appears specially for the sole purpose of moving to quash service for want of jurisdiction over his person, and is fully heard upon the question, and, upon the overruling of the motion, takes no further part in the case and seeks no review, a judgment subsequently entered against him on the merits is res judicata on the question of jurisdiction and is not subject to collateral attack on that same ground when sued on in another Federal district.

This court has applied the Baldwin rationale in similar cases which involved state courts. In Cummiskey v. Cummiskey, 259 Minn. 427, 107 N. W. 2d 864 (1961), this court refused to allow a Minnesota resident to challenge the validity of an Arkansas divorce decree in Minnesota courts on the ground the Arkansas court did not have jurisdiction. This court stated: "By filing the motion for dismissal the husband chose Arkansas as the forum in which to contest the issue of his wife's good-faith domicile in that jurisdiction." 259 Minn. 433, 107 N. W. 2d 868. This was the critical jurisdictional factor.

In Laurens Mills v. M. M. C. Inc. 280 Minn. 422, 159 N. W. 2d 781 (1968), this court refused to allow collateral attack upon a New York judgment on jurisdictional grounds where the defendant had appeared in the New York court to litigate the issue of jurisdiction.

In both of the above cases, however, the litigation of the jurisdictional issue in the foreign court by the defendant consisted of more than a mere filing of a motion to dismiss. The question thus becomes: Did defendants in the case at bar participate in the adjudication of the jurisdictional question to a degree that the issue was fully and fairly litigated?

Defendants filed a motion and an affidavit to dismiss. Under New York law, a motion to dismiss constitutes an *appearance.* 7B McKinney's Consol. Laws of New York Ann., Civil Practice Law and Rules, § 320. In addition, defendants consented to participate in the jurisdiction hearing by affidavit only. They did not appear personally or by counsel "[b]ecause of the distance involved," although urged by plaintiff's attorneys either to appear or secure New York counsel.

Several cases from other jurisdictions are relevant to the instant case. In Tarver v. Jordan, 225 Ga. 749, 750, 171 S. E. 2d 514, 515 (1969), the court stated:

"* * * When, as in this case, the defendant entered an appearance by filing defensive pleadings and was afforded an opportunity to be heard, she had her day in court (Black's Law

Dict., p. 474) and she cannot now be heard to raise issues which she could have raised before the Massachusetts court."

In Cascade Chemical Coatings, Inc. v. Wellco Chemical Products Co. 15 Ill. App. 3d 1056, 305 N. E. 2d 595 (1973), a corporate defendant which was served with summons and copy of complaint filed a special appearance in a foreign court for the sole purpose of questioning the court's jurisdiction over its person and moved to quash return of service, but presented no evidence in support of its motion, did not plead in response to the complaint after the court denied its motion and did not appeal the default judgment entered against it. The court held that the issue of jurisdiction as decided by the foreign court was res judicata and the foreign court's judgment was entitled to full faith and credit. Here, defendants could have appealed from the New York court's ruling, or could have made no response to the New York summons, in which case the Hennepin County District Court could have litigated the question of jurisdiction. Defendants chose to contest in New York and, once having lost, want to relitigate the question here. This they cannot do.

Defendants have not contended that service was improper or that fair notice was lacking. By filing a motion to dismiss and by participating in the New York proceedings by affidavit, defendants had their day in court in which to litigate their contention that the New York court lacked in personam jurisdiction. This issue, in our view, was fully and fairly litigated in that forum and thus the decision reached there is res judicata and is not subject to relitigation in the courts of Minnesota.

We therefore affirm the judgment of the district court.