ZIONS FIRST NATIONAL BANK, a National Banking Association located in Salt Lake City, Utah, Appellant,

v.

WORLD OF FITNESS, INC., Defendant,

Leonard Rice, a.k.a. D. L. Rice, Respondent.

No. 48478.

Supreme Court of Minnesota.

May 11, 1979.

Rehearing Denied July 16, 1979.

Faegre & Benson, Rex H. Kitts, and Wright W. Brooks, Minneapolis, for appellant.

Ernest R. Kutzik, St. Paul, and Richard D. Weiblen, Minneapolis, for Leonard Rice.

Heard before PETERSON, YETKA, and STONE, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

This matter is before the court on appeal from an order of the Hennepin County District Court vacating a default judgment entered against defendant, D. Leonard Rice, in December 1974 on the ground that personal jurisdiction was lacking. Because defendant already fully and fairly litigated the issue of jurisdiction in 1974, we hold that the judgment entered against him is res judicata on that issue and is therefore not subject to attack on a Rule 60.02, Rules of Civil Procedure, motion to vacate.

### Minnesota Proceedings on the Promissory Note

Plaintiff, Zions First National Bank, commenced this action in July 1974 on a promissory note for $130,000, which defendant made and delivered to plaintiff in Salt Lake City, Utah. The summons and complaint were served on defendant by leaving copies with his 14-year-old daughter at an Excelsior home that was jointly owned by defendant and his then-wife, Marion Rice, and was declared to be their homestead.

Defendant moved to quash the return of service on the ground that he had not been served at his usual place of abode.[1] Defendant did not appear in person at the hearing on the motion, nor did he submit an affidavit on his own behalf. Despite significant evidence to the contrary, on October 30, 1974, the district court denied the motion to quash, relying in large part on the presumption that the usual place of abode of a married man is the residence of his wife and children and reasoning that there was no alternative to serving the defendant at his family's home.[2]

Defendant's counsel knew that defendant's residence was not the family home in Carver County and advised defendant to contest the determination to the contrary. Because defendant had recently been sued by plaintiff on the same promissory note in Oregon, however, he decided not to exhaust his legal remedies in Minnesota and discharged his counsel here. On December 4, 1974, the district court entered default judgment in the amount of $145,920.52 ($130,000 plus interest and attorneys fees). Defendant did not appeal.

### Divorce Proceedings

About August 14, 1974, counsel for plaintiff learned that defendant and Marion Rice had commenced divorce proceedings, pursuant to which defendant stipulated that he would transfer to his wife most of the property he owned, including the Carver County homestead, and ranches in Winona County and in The Dalles, Oregon. Plaintiff immediately moved for a temporary restraining order to enjoin defendant from disposing of his property and for writs of attachment against defendant's interest in the Carver County homestead and the Winona County ranch. The motion was granted, and writs of attachment were issued August 16, 1974.[3] Marion Rice was not made a party to this action. On September 13, 1974, the divorce was granted, and the decree included the stipulation concerning the properties to be transferred.

### Oregon Proceedings on the Promissory Note

On August 28, 1974, about 1 week after the hearing on defendant's motion to quash

1. Minnesota Rules of Civil Procedure, Rule 4.03(a), states: "Service of summons within the state shall be made as follows:

   "(a) Upon an individual by delivering a copy to him personally or by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein."

2. On September 26, 1974, apparently believing that the district court would grant defendant's motion to quash, plaintiff began service by publication pursuant to Rule 4.04(2) to obtain quasi in rem jurisdiction of defendant's property in Carver and Winona Counties. In its affidavit of service by publication, counsel for plaintiff stated that defendant was a nonresident of Minnesota and that he resided at Route 2, Box 50, Mill Creek Road, The Dalles, Oregon.

3. The writs of attachment and temporary restraining order were served on defendant by mail at his home in Oregon. Service at the family residence in Excelsior had been attempted, but was unsuccessful; the sheriff's return stated that defendant was living in Oregon.

but before the court had ruled on the motion, defendant was personally served in an action on the same promissory note in Wasco County, Oregon. In Oregon, plaintiff first sought provisional process; a temporary restraining order was issued August 23, 1974, and defendant was ordered to show cause why he should not be restrained from disposing of his ranch in The Dalles, Oregon. In its preliminary recital of facts, the Oregon show cause order stated:

"Leonard Rice is a defendant in the above-entitled action, residing at Route 2, Box 50, Mill Creek Road, The Dalles, Oregon."

Personal jurisdiction was not contested.

On November 22, 1974, the Oregon court denied plaintiff's motion for provisional process. Defendant then filed an answer and plea in abatement, asking that the Oregon action abate until "there has been a final determination on the merits of said prior action filed in the State of Minnesota." Shortly thereafter plaintiff moved for nonsuit without prejudice, which was granted December 16, 1974.[4]

### Rule 60.02 Motion to Vacate

In June 1977 defendant, through new counsel, and Marion Rice moved to vacate the 1974 default judgment and the writs of attachment, claiming that the court had lacked personal jurisdiction because defendant had not been served at his usual place of abode and that Marion Rice was an indispensable party. Defendant argued that the default judgment had been procured by fraud upon the court, pointing out the apparent inconsistency between plaintiff's assertion that defendant's usual place of abode in July 1974 was in Carver County and its almost simultaneous statements before other courts that defendant resided in The Dalles, Oregon. Defendant submitted an affidavit in support of his motion, stating that he had not resided in Carver County since 1971 and that when he left his

family at that time he did so with the intent to leave permanently.

On November 18, 1977, defendant's motion was granted. The district court did not expressly conclude that there had been fraud in the initial proceeding, although it was concerned with plaintiff's inconsistent positions on the question of defendant's residence. Rather, it stated that full faith and credit should have been given to the Oregon finding that defendant was an Oregon resident. And, in addition, the court found that Marion Rice had a substantial interest that could not be adequately protected without her presence.

Two issues are raised by this appeal: (1) May a defendant who once litigated the issue whether service of summons was effective to give the court personal jurisdiction over him, and who did not appeal from a ruling against him, relitigate the issue on a Rule 60.02 motion to vacate a default judgment entered against him? (2) Was plaintiff's failure to join defendant's former wife as a defendant a valid basis for vacating the default judgment?

1. Rule 60.02, Minnesota Rules of Civil Procedure, provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise

---

4. In February 1975, defendant filed a petition for voluntary bankruptcy in the United States District Court, District of Oregon. Plaintiff filed objections based on fraud on creditors, but, after litigation, the fraud claims were dismissed and the indebtedness was declared dischargeable. The decision was affirmed on appeal.

vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *"

In the instant matter the district court vacated the default judgment on the ground that it was void because defendant had not been effectively served with process.[5] Two competing judicial rules come into conflict in a resolution of this issue: The rule that judgment rendered without effective service of process is void, and the rule that there must be finality in litigation.

This court has stated:

"In setting aside a void judgment under Rule 60.02(4), the court engages in a process totally different from that involved in the other Rule 60.02 causes. No question of discretion is involved. * * * If a judgment is void, it must be set aside. It has no force and effect. A void judgment is one where the court lacks jurisdiction over the subject matter or over the parties. There is no time limit set forth in Rule 60.02 for commencing proceedings to set aside a void judgment.

"A valid judgment cannot be rendered against a party without due service of process upon him. A judgment entered without due service of process is absolutely void, not merely irregular or erroneous." Lange v. Johnson, 295 Minn. 320, 323, 204 N.W.2d 205, 208 (1973).

■ Since the United States Supreme Court's decision in Baldwin v. Iowa State Traveling Men's Assn., 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931), however, it has been settled that when a defendant is fully heard on his motion to quash service, and does not further participate in the case or take an appeal after his motion is denied, the judgment entered against him on the merits is res judicata on the question of jurisdiction and is not subject to collateral attack.

■ Minnesota expressly followed the Baldwin policy in Imperial Skyliner Auto-Wash Sales Corp. v. Whinnery, 301 Minn. 91, 221 N.W.2d 716 (1974), in which an action was brought in Minnesota to enforce a judgment that had been entered in New York. After summary judgment for the plaintiff had been ordered, the defendant moved to set it aside on the ground that New York had lacked personal jurisdiction over him in the original action. The district court denied the motion, and this court affirmed, stating that the defendant, by having moved to dismiss in New York and by having participated in the proceeding there by affidavit, had already fully and fairly litigated the question of jurisdiction. Thus the New York decision was res judicata on the issue of jurisdiction. In accord are Independence Mortgage Trust v. White, 446 F.Supp. 120 (D.Or.1978) (where the court acknowledged that its initial finding of subject matter jurisdiction was erroneous but held it to be res judicata on defendant's Rule 60[b][4] motion to vacate); [6] Sheridan v. Martinsen, 164 Mont. 383, 523 P.2d 1392 (1974) (where the court held that defendants could not raise an issue under the guise of a Rule 60[b] motion that had already been decided against them in the original proceeding); In re Estrem's Estate, 16 Cal.2d 563, 107 P.2d 36 (1940) (where the court refused to set aside an order admitting a will to probate for lack of subject matter jurisdiction because the parties had had an opportunity to assert their positions at the initial proceeding and to appeal any adverse finding). Similarly, 7 Moore, Federal Practice (2 ed.) par. 60.25[2], states:

"* * * [I]f the defendant appears in the original action and contests the jurisdiction of the court over either his person or the subject matter, even though his appearance be special, and that issue is

---

**5.** Rule 60.02 requires that motions relying on reasons (1), (2), or (3) be made within 1 year after judgment has been entered. Thus, although defendant strongly argues fraud and mistake were present in the instant matter, a motion to vacate based on those grounds would have been untimely. Furthermore, the district court did not find that there had been fraud upon it.

**6.** Rule 60(b)(4), Federal Rules of Civil Procedure, corresponds to our Rule 60.02(4).

decided against him, and he thereafter defaults, the default judgment is not subject to collateral attack for lack of jurisdiction of either person or subject matter." (Footnotes omitted.)

There is another facet to the application of res judicata to the instant matter, arising out of the finding of the Oregon court that defendant was a resident of The Dalles. This finding preceded the decision of the district court in Minnesota on the question of defendant's usual place of abode, and thus should have been regarded conclusive on the issue. Plaintiff argues that the Oregon court's ex parte order was only effective for the short time needed to hear and deny plaintiff's petition for provisional process and, therefore, should not be given res judicata effect. It is not necessary to reach the merits of plaintiff's argument, however, because even if the district court did err in failing to give the Oregon decision res judicata effect on the issue of defendant's usual place of abode, this error, like any other error made in denying defendant's motion to quash, does not alter the rule that defendant cannot relitigate the issue of effective service of process after having been heard on the issue. See, *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); Restatement, Conflict of Laws 2d, §§ 96, 114.[7]

Thus, despite the fundamental policy that a judgment is void absent effective service of process, controlling authority dictates the conclusion that the defendant here may not relitigate the issue of effective service on a motion to vacate after he has been fully and fairly heard on that issue.

2. The motion to vacate was brought in the names of defendant and his former wife, Marion Rice, although Marion Rice was not a party to the action on the promissory note. In the memorandum accompanying its order granting the motion to vacate, the district court noted:

"The issue as to whether Marion Rice should have been joined as an indispensable party pursuant to Rule 19, has never been adjudicated. Marion Rice had a vested interest in the Carver County property as joint tenant with her husband. She also had a dower interest in other real properties. Pursuant to the Decree of Dissolution of September 13, 1974, and by delivery of Quit Claim Deeds, Marion Rice was vested with all proprietary interest of the subject properties. In balancing the unique factors of the instant case, it appears that Marion Rice had substantial interest which could not be adequately protected without her presence."

The court did not state, however, that the failure to join defendant's former wife was cause for vacating the default judgment or that it rendered the default judgment void; rather, it addressed the propriety of the motion to vacate having been brought in Marion Rice's name. The critical question before this court is whether the failure to join Marion Rice as a party defendant is sufficient reason to vacate the default judgment, even though the judgment cannot be vacated as void on grounds of defective service of process because of the doctrine of res judicata.

■ In *Doerr v. Warner*, 247 Minn. 98, 76 N.W.2d 505, appeal dismissed, 352 U.S. 801, 77 S.Ct. 20, 1 L.Ed.2d 37 (1956), we made it clear that the nonjoinder of an indispensable party is not a jurisdictional defect. Thus, even if Marion Rice were an indispensable party, the failure to join her as a party defendant would not render the default judgment void.

■ Rule 60.02(6) provides that a judgment may be vacated for "any other reason justifying relief from the operation of the judgment." The only reason to justify relief advanced by the parties in the instant matter is that Marion Rice was an indispensable party under Rule 19. Rule 19,

---

7. Defendant offers no authority to rebut this rule of res judicata. Rather, he argues that the rule is controlling only in the absence of fraud. Although this is true, the district court made no finding of fraud. Furthermore, if fraud had been found, the time for bringing a motion to vacate a judgment based on fraud had elapsed. See footnote 5, *supra*.

Minnesota Rules of Civil Procedure, provides, in part:

"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Simply because Marion Rice has an interest in the property that plaintiff hoped to use to satisfy its judgment against defendant, however, does not mean either (1) that in her absence complete relief could not be accorded or (2) that she claims an interest relating to the subject of the action. The property in which Marion Rice has an interest was not the *subject* of the action, which was brought to collect on a promissory note to which Marion Rice was not a party.

No other reasons have been advanced by defendant to justify vacating the default judgment under Rule 60.02(6). The failure to join Marion Rice as a party defendant, therefore, does not justify setting aside the default judgment against defendant.[8]

Reversed.

---

[8.] The vulnerability, if any, of the writs of attachment other than as premised on the invalidity of the default judgment has not been submitted and, accordingly, is not determined by this opinion.